SCHOTT, Judge.
Plaintiff brought this damage suit against a number of defendants for damages sustained while he was operating a truck and trailer loaded with steel. He has taken this appeal from a summary judgment dismissing his suit against two of the defendants, Ramrod Trucking, Inc. and Steel, Inc.
Plaintiff was an employee of Superior Labor Services, which was in the business of furnishing workers to other employers on a temporary basis. Ramrod was in the business of hauling and was employed by Steel to haul steel from the Mississippi River wharf to its plant in Harvey, Louisiana. In order to accomplish its work Ramrod leased a truck and trailer and employed plaintiff to operate the rig.
On the day of the accident, plaintiff picked up a load of steel at the wharf, and while leaving the wharf area he came to a sudden stop and the load shifted forward crushing the cab and pinning plaintiff against the steering wheel.
Ramrod obtained its summary judgment on the ground that it was the employer of plaintiff pursuant to R.S. 23:1061, and as such was insulated from tort liability to plaintiff whose remedy was exclusively in workmen’s compensation.
The record supports the summary judgment in favor of Ramrod. This is simply a case where a trucking company has hired from a temporary labor agency a truck driver to perform its usual work of hauling. Plaintiff relied on his own affidavit to the effect that he thought he was working for Steel, Inc., and did in fact report to work at Steel, Inc.’s facility in Harvey on the morning of the accident as he did on previous mornings. This, however, does not contradict the real employment situation which was established by Ramrod’s president, Edward Winstein, III, that Ramrod had a contract to deliver for Steel and employed plaintiff through Superior to drive the rig. Under these circumstances the summary judgment was properly granted in favor of Ramrod. Burse v. Boh Brothers Construction Company, 349 So.2d 438 (La.App. 4th Cir. 1977) writ refused, 351 So.2d 172.
One of plaintiff’s principal theories of liability was that the rig itself was defective in that there was no “headache bar” on the trailer which would have prevented the steel from shifting into the cab. Any liability for the missing headache bar seems to rest exclusively on Ramrod which leased the *630 rig in the first instance and whose president, Winstein, admitted that it was missing from the truck. In view of our conclusion as to Ramrod’s relationship to plaintiff as his employer, however, the missing headache bar cannot provide plaintiff with a cause of action against Ramrod.
As to Steel, Inc., however, a different result obtains. Plaintiff’s case here is based on allegations that Steel’s employees improperly loaded or overloaded the vehicle. In support of the motion for summary judgment Steel also relied on Winstein’s deposition wherein he testified that none of Steel’s employees were involved in the loading of the truck and he identified an employee of a co-defendant as the individual who was in charge of the loading.
In this court, Steel takes the curious position that it was simply a vendor of the steel, whose customer, represented by the truck driver, came to the wharf and was entirely responsible himself for loading the steel prior to taking it away. This is not supported by the record. In his affidavit plaintiff stated that he reported to the Steel, Inc. yard in Harvey where he picked up a truck, was sent to the dock, and was given instructions by Winstein whom he thought to be an employee of Steel. Upon reaching the wharf Mr. McCrossen, an employee of T. Smith & Sons, loaded the truck with steel. Winstein acknowledged that he was at the dock when plaintiff’s truck was loaded but he denied supervising the loading. However, in response to a question as to what he was doing he replied that he was “[sjetting out the next load for the truck immediately following that one.” He testified that a 42 to 44 thousand pound load placed on each truck was within the limits allowed by the law and safety considerations.
These facts do not provide us with a basis for resolving in Steel’s favor every reasonable doubt as to its liability on its motion for summary judgment. No one from Steel testified by deposition or affidavit. Nothing establishes the relationship of McCros-sen to Steel. While we have the statement of plaintiff that he thought McCrossen was an employee of T. Smith & Company and Winstein’s assertion that McCrossen was employed by Tom Hicks Transfer Company, this is not to say that he was not an agent or perhaps a borrowed servant of Steel, Inc. The steel belonged to Steel, it was loaded at Steel’s wharf and was being transferred to another facility owned or operated by Steel. This was not the case where some third-party came to the wharf and bought the steel to carry it away to its own facility. It was simply being transferred from one location to another, remaining at all times under the ultimate control of Steel. Under these circumstances, we believe the summary judgment in favor of Steel, Inc. was erroneously granted and that judgment will be reversed.
Accordingly, the judgment in favor of Ramrod Trucking, Inc. and against plaintiff, Dennis R. Valcourt, is affirmed. The summary judgment in favor of Steel, Inc., and against plaintiff, Dennis R. Valcourt, is reversed and set aside, and there is judgment in favor of plaintiff, Dennis R. Valc-ourt, overruling the motion for summary judgment filed by Steel, Inc. The case is remanded to the trial court for additional proceedings in plaintiff’s suit against Steel, Inc. All costs are to await the outcome of these proceedings.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.