285 So.2d 337 (1973)
Jeanette SQUYRES, Plaintiff and Appellee,
v.
Hazel PHILLIPS and A. R. Phillips, Defendants and Appellants.
No. 4339.
Court of Appeal of Louisiana, Third Circuit.
November 5, 1973.
Rehearing Denied December 3, 1973.
*338 Garrett & Ryland, by Donald M. Garrett, Alexandria, for defendants and appellants.
Gold, Hall, Hammill & Little, by Henry B. Bruser, III, Alexandria, for plaintiff and appellee.
Provosty & Sadler, by Richard E. Chaudoir, Alexandria, for defendants-appellees.
Before FRUGE, SAVOY and DOMENGEAUX, JJ.
DOMENGEAUX, Judge.
This tort action results from an altercation between plaintiff Jeanette Squyres and the defendant Mrs. Hazel S. Phillips which occurred at approximately 11:15 A.M., October 15, 1971 in the drive-in teller line of the Park Avenue Branch of the Guaranty Bank and Trust Company in Alexandria, Louisiana. Plaintiff, alleging that she was attacked and beaten by Mrs. Phillips at the time and place aforementioned, sued the latter and her husband for damages as a result thereof. After trial on the merits, the district judge, finding that Mrs. Phillips was on a community mission at the time of the incident, granted plaintiff judgment in the sum of $2,000.00 against both defendants jointly and in solido.
The defendants have appealed, contending (1) that the district court erred in finding that plaintiff did not provoke the confrontation, thereby becoming the aggressor, and (2) that the award of $2,000.-00 was excessive.
The trial judge found the salient facts which gave rise to this litigation to be as follows:
That on the aforementioned date, defendant Mrs. Hazel Phillips was in the drive-in teller line of the Guaranty Bank and Trust Company for the purpose of making a deposit. Plaintiff Mrs. Squyres, who was directly to the rear of defendant in her automobile, was distracted by her young child in the rear seat and as a result her vehicle went forward striking that of defendant's. Both ladies got out of their vehicles and examined the bumpers to see if any damage had been done. The impact however was slight, and no apparent damage existed. Although there was conflicting testimony as to the acts or words that immediately followed the examination of bumpers, it appeared that Mrs. Squyres returned and got into her vehicle. Mrs. Phillips followed her, opened the door of the latter's vehicle, and pulled Mrs. Squyres out. Defendant, Mrs. Phillips, then proceeded to beat plaintiff, eventually forcing her against a brick wall of the bank building where she banged Mrs. Squyres' head against the wall.
The trial judge concluded that the attack by Mrs. Phillips was unprovoked and that as a result Mrs. Squyres was greatly shaken up, concerned about her unborn child, and humiliated and embarrassed over having endured the beating in the presence of a number of people, some of whom she personally was acquainted with.
The numerous witnesses called by plaintiff are in general agreement as to the basic *339 facts. However, defendants contend that plaintiff Mrs. Squyres was the aggressor in the altercation. Defendants allege that curse words and actions of plaintiff while the parties were discussing the incident show provocation on the part of plaintiff and brand her the aggressor. Defendants further contend that when Mrs. Phillips went back to plaintiff's vehicle to further discuss the accident Mrs. Squyres continued to heap verbal abuse upon defendant and thereafter commenced the altercation by first striking the defendant. As a result, defendant further says she was forced in self defense to restrain plaintiff against the adjacent brick wall.
As a general rule, a party cannot recover tort damage for a battery committed on his person if the evidence establishes that his actions immediately preceding the altercation constituted a provocation sufficient to justify defendant's conduct. Tripoli v. Gurry, 253 La. 473, 218 So.2d 563 (1969); Deville v. Wilks, 229 So.2d 128 (La.App. 3rd Cir. 1969).
Assuming, arguendo, that plaintiff did in fact curse defendant and call her names, this alone cannot create sufficient provocation for a later battery. Mere words, even though designed to irritate or excite, cannot excuse a battery. This runs contrary to our system of justice under law which commands the use of judicial process rather than force for the settling of disputes. Morneau v. American Oil Co., La., 272 So.2d 313 (1973).
Defendants further contend that if the trial court was correct in finding that Mrs. Phillips was the aggressor in the altercation, the alleged verbal assaults by plaintiff upon defendant prior to the battery justify a mitigation of damages. It is a correct statement of the law to say that words which are calculated to provoke and arouse to the point of physical retaliation may mitigate damages in a civil action. Morneau v. American Oil Co., supra. But in reviewing the record we find no significant evidence to merit such mitigation.
It is the further contention of defendants, as testified by Mrs. Phillips, that the plaintiff struck the first blow and that consequently Mrs. Phillips was acting in self defense. But defendants called no witnesses to support this contention. Actually the evidence preponderates to the effect that Mrs. Phillips was the aggressor in this unfortunate encounter. It is evident that the trial judge gave more credence to the testimony of plaintiff and her witnesses than to the testimony of Mrs. Phillips. We find no error in the trial judge's conclusions.
We next consider the question of quantum. Defendants challenge the award of $2,000.00 and argue that the evidence fails to establish that plaintiff suffered anything other than minor or incidental injuries attributable to the battery.
A general review of the jurisprudence indicates that our courts balance many factors in assessing damages in assault and battery cases. These include, besides physical pain and suffering, the factors of provocation, reasonableness of force used, attendant humiliating circumstances, sex of victim, mental distress, etc. There is no rule or standard of law fixing or establishing the amount of recovery and each case consequently must rest on its own set of facts.
The plaintiff in this case was a twenty-five year old housewife and mother who was two months pregnant.
Although the facts bear out defendants' allegations that plaintiff sustained only minor facial abrasions, the evidence shows that plaintiff was also, as a result of the fracas, very emotionally upset, crying, and evidently shaken by the altercation. Plaintiff and her husband testified that tranquilizers were given to her the following day when she consulted a physician. It is settled law that the victim of an assault and battery can recover for fright and mental distress, in addition to pain and suffering. Fontenelle v. Waguespack, 150 La. 316, 90 So. 662 (1922); Kemp v. Allstate *340 Insurance Co., 247 So.2d 142 (La. App. 1st Cir. 1971).
In addition plaintiff was assaulted before a gathering of people, some of whom plaintiff was personally acquainted with. This experience obviously caused plaintiff much humiliation and indignity for which damages are assessable. Taylor v. City of Baton Rouge, 233 So.2d 325 (La.App. 1st Cir. 1970); Mancuso v. Treadaway, 176 So.2d 731 (La.App. 4th Cir. 1965).
In considering the amount of the award in this case, foremost in our minds is the fact that plaintiff was carrying a prenatal child when the battery occurred. Trial courts in automobile collision cases have consistently awarded expectant mothers additional sums for the mental anguish and anxiety suffered by them because of the possible effects of the accident to the expected child. Bee v. Liberty Mutual Insurance Company, 165 So.2d 73 (La.App. 4th Cir. 1964); Davis v. New York Underwriters Insurance Co., 141 So.2d 673 (La.App. 1st Cir. 1962); Deshotels v. United States Fire Ins. Co., 132 So.2d 504 (La.App. 3rd Cir. 1961); Nomey v. Great American Indemnity Co., 121 So.2d 763 (La.App. 2nd Cir. 1960). As our courts have allowed such additional sums as damages in accidental automobile collisions, we think it more than appropriate to allow such increases where we have, as in our case, an intentional battery.
While it is true that the subsequent birth and physical condition of the child was normal we do not think that the natural anxiety of the expectant mother can be minimized. This is especially true in view of the long duration, seven months, over which plaintiff was forced to wait and worry over whether the altercation might have any effect on her unborn child.
In the assessment of damages much discretion is vested in the trial judge and his determination should be permitted to stand on appeal unless the amount awarded is so excessive or inadequate as to constitute an abuse of such discretion. Miller v. Thomas, 258 La. 285, 246 So.2d 16 (1971); Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127 (1967); Ballard v. National Indemnity Co. of Omaha, Nebraska, 246 La. 963, 169 So.2d 64 (1964); Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963). In this case we find that the total award is not excessive. Defendants have cited several appellate court cases wherein considerably smaller judgments have been granted. However, none of these cases are akin to our factual situation, except for the minor physical injuries incurred.
We cannot say, under the circumstances, that the district judge abused his discretion in fixing the award, and we leave the $2,000.00 judgment undisturbed.
For the above and foregoing reasons the judgment of the trial court is affirmed. Costs are assessed against defendants-appellants.
Affirmed.
FRUGE, J., concurs in decree.