338 So.2d 177 (1976)
Lynda JOHNSON, Plaintiff-Appellant,
v.
DeWanna Lawson POWELL et al., Defendants-Appellees.
No. 13014.
Court of Appeal of Louisiana, Second Circuit.
September 27, 1976.
Joe D. Guerriero, Monroe, for plaintiffappellant.
James D. Sparks, Jr., Monroe, for appellee.
Before PRICE, MARVIN and JONES, JJ.
JONES, Judge.
Plaintiff, Lynda Johnson, brought suit against DeWanna Faye Lawson Powell, DeWanna's sisters, Barbara and Linda Lawson, and her brother, James Lawson, for damages for plaintiff's injuries arising out of an altercation at the Ebony Lounge in Monroe on February 7, 1975. With no reasons given in the record or otherwise noted, the trial court found for the plaintiff against DeWanna Faye Lawson Powell only, awarding $666.84 for medical expenses and $250 for pain and suffering. Plaintiff appeals seeking in her specification of error only an increase in the amount of damages awarded to her for pain and suffering against DeWanna Lawson Powell.
The only issue is whether this court should increase the amount awarded plaintiff for pain and suffering.
There was animosity between Lynda Johnson and DeWanna Lawson Powell because DeWanna accused Lynda's sister of charging clothes to her account. DeWanna had threatened to shoot plaintiff's sister. DeWanna told Lynda not to go to the lounge. She went anyway. When DeWanna walked into the lounge after Lynda's arrival, Lynda made a statement heard by DeWanna and directed to her, "That's the bitch." DeWanna proceeded to the bar took a seat near the door where she was engaged in taking up "cover charges" from people entering the lounge. While DeWanna was sitting at the bar, Lynda got up from a table and went to the bar at a location immediately adjacent to DeWanna and attempted to order some drinks from Michael Powell, the bartender and husband of DeWanna. Powell did not attempt to serve Lynda, and in fact, went to the other end of the bar. Lynda then struck DeWanna with her knee and again called her a "bitch". DeWanna immediately turned and grabbed Lynda in the back, apparently by the collar, whereupon Lynda turned and faced DeWanna and they engaged in an exchange of blows which resulted in Lynda being knocked or thrown to the floor with DeWanna on top of her. At this point the fight was broken up by bystanders.
*178 Lynda was hospitalized for approximately one week for treatment of injuries received in the altercation.
The doctor's report, offered in lieu of his testimony, reflected that Lynda complained of pain in the back, right leg, and knee. She was discharged from treatment February 28 asymptomatic. This was three weeks following the occurrence of the altercation.
The battery Lnyda inflicted upon DeWanna with her knee was a minor one. The provocative, aggressive actions by Lynda are considerations that the trial court could have used in mitigation of damages. Morneau v. American Oil Company, 272 So.2d 313 (La.1973).
In Watts v. Aetna Casualty Surety Company, 309 So.2d 402 (La.App.2d Cir. 1975) at page 409, this court stated that the decision of ". . . when and how damages should be mitigated . . . [are questions peculiarly] . . . within the discretion of the trier of facts."
While the trial judge assigned no reasons for the admittedly low award for pain and suffering, we are compelled to uphold his decision unless the record demonstrates that the trial court abused the "much discretion" provided for in fixing damages. Bitoun v. Landry, 302 So.2d 278 (La.1974). "The question is not whether a different award might have been more appropriate but whether the award of the trial court can be reasonably supported by the evidence and justifiable inferences from the evidence before it." Bitoun v. Landry, supra.
Since we find that the actions of Lynda Johnson could have warranted mitigation of damages against her, we cannot say the award of $250 for pain and suffering was an abuse of discretion by the trial court. Affirmed.
Plaintiff, Lynda Johnson, is cast for cost.
Affirmed.