349 So.2d 458 (1977)
Harold DUBOIS, Plaintiff-Appellant,
v.
RELIANCE INSURANCE COMPANY et al., Defendants-Appellees.
No. 6075.
Court of Appeal of Louisiana, Third Circuit.
August 9, 1977.
Rehearing Denied September 15, 1977.
*459 Thomas & Dunahoe by G. F. Thomas, Jr., Natchitoches, for plaintiff-appellant.
Cook, Clark, Egan, Yancey & King by Herschel Richard, Mayer, Smith & Roberts by Caldwell Roberts, Ronald R. Inderbitzin, and Walter Hunter, Jr., Shreveport, Brittain & Williams by Jack O. Brittain, Gahagan & Gahagan by Marvin F. Gahagan, Natchitoches, for defendants-appellees.
Before HOOD, DOMENGEAUX and WATSON, JJ.
WATSON, Judge.
Plaintiff, Harold Dubois, filed this suit to recover damages for a battery inflicted by defendant, Henry Wilson Frick, co-owner and manager of the Lake Club near Campti, Louisiana. Western World Insurance Company, Inc., defendant liability insurer of the Lake Club, has a policy provision excluding "claims arising out of Assault & Battery" (TR. 49). Frick's comprehensive personal insurer, Reliance Insurance Company, has a policy provision excluding coverage for injury arising out of business pursuits. (TR. 23) The other defendants are the Lake Club partnership and two of the partners sharing its ownership, H. Wilson Frick's wife, Elizabeth Harrison Frick, and his mother-in-law, Mrs. Lucille Harrison (Warner). Plaintiff Dubois was awarded special damages against Frick individually in the amount of $2,241.82 but was given no general damages on the ground that his language prior to the battery was a mitigating factor.
Dubois has appealed, contending that the trial court erred: (1) in not holding the Lake Club, a commercial partnership, and the individual partners liable in solido for the tort committed by Frick in the course of partnership business; and (2) in failing to award general damages. No assignment of error is made about the trial court sustaining the insurers' policy defenses and dismissing the suit as to them. We agree that the two insurance companies have no liability.
The Lake Club is a bar, with a card table, pool table, restaurant, and dance hall. A band was playing on the night of the battery, June 18, 1975. Plaintiff Dubois was unarmed and had been drinking and shooting pool. He was in the company of his brother, Leon B. Dubois, and a truck driver, who was riding with them. The battery was preceded by a dispute between Frick and Harold over a check Harold wanted to cash to pay his losses at pool. It was around midnight, near closing time, and the Dubois brothers had been at the Lake Club approximately an hour and a half.
Following Frick's refusal to cash Harold's check in the desired amount, Harold and L. B. Dubois started cursing Frick. Frick testified that he expected trouble and told the brothers to leave. According to Frick and a bartender, Arthur Rivers, L. B. and Harold left the bar but then returned and proceeded to curse Frick again. Frick said he wanted to keep order in his establishment and swung the barrel of his pistol at L. B.'s head. It hit Harold when L. B. ducked. After knocking Harold out, Frick turned back to the bar.
Harold received a depressed skull fracture, two or three inches in diameter. Dr. Richard H. Ashby, a Shreveport neurosurgeon, testified in deposition that a rounded section of Harold's skull was broken in several pieces. Ashby operated to remove bone fragments from the surface of the brain, or dura, which was compressed but not torn. There was swelling beneath the dura. He estimated that Harold would recover completely in six months.
Frick testified that the Lake Club is owned by an oral partnership composed of his mother-in-law, Mrs. Lucille Harrison (Warner), her other daughter, Mrs. Frances Harrison Julian (not named as a defendant), him and his wife. The original owners were Mr. and Mrs. Frick, and Frick's in-laws, Mr. and Mrs. Harrison. After Mr. Harrison's death, his widow retained a one-fourth interest and the other one-fourth was inherited by his two daughters, giving Mrs. Frick and Mrs. Julian each 1/8th. Mrs. Harrison (Warner) and Mrs. Frick draw a sum of money every month as salary or profits. Mrs. Frick is the bookkeeper. Mrs. *460 Julian has never received any money from the "partnership". Frick has been the manager since 1961. None of the other alleged partners were on the premises at the time of the battery.
The Lake Club had a net profit of $7,143.26 in 1974 and a net profit of $9,407.00 in 1975. The 1974 and 1975 income tax returns of Mrs. Lucille Harrison Warner show no partnership income, nor do those of Mr. and Mrs. Frick. The Lake Club income is reported by the Fricks as that of a sole proprietorship. Mr. and Mrs. Frick had an adjusted gross income of $10,905.20 in 1975.
I. The first issue is whether the trial court erred in denying plaintiff Dubois any general damages for his pain and suffering.
Mere words do not justify a battery but can be considered in mitigation of damages. Morneau v. American Oil Company, 272 So.2d 313 (La., 1973).
There is no error in the trial court's conclusion that plaintiff's curses and Frick's anticipation of trouble serve to mitigate the award of damages.
Harold Dubois' injury, a depressed fracture of the skull, was serious, and would justify a substantial award under other circumstances. But, considering the mitigating factors as well as a limited ability by Frick to respond, the award is within the trial court's much discretion. LSA-C.C. art. 1934.
II. The second issue presented is whether the alleged partnership and other individual partners should have been cast in judgment.
The evidence does not show the existence of a partnership. There was no mutual participation in the profits. LSA-C. C. art. 2801. The mere fact that the term "partnership" was used does not prove the existence of a partnership when the circumstances do not show the necessary intent to share profits and losses. Darden v. Cox, 240 La. 310,123 So.2d 68 (1960). A husband and wife cannot be commercial partners. Purcell v. Stewart, 131 So.2d 905 (La.App. 4 Cir. 1961). Therefore, we conclude that the trial court correctly ruled that only H. Wilson Frick should have been cast in judgment.
For the foregoing reasons, the judgment of the trial court herein is affirmed. All costs are assessed against plaintiff-appellant.
AFFIRMED.

On Application for Rehearing
PER CURIAM:
Our opinion is amended to assess all costs on appeal against plaintiff-appellant; the application for rehearing is otherwise denied.