SCHOTT, Judge.
Plaintiff has appealed from a dismissal of her action for the wrongful death of Charles Vaughn who died after being hit on the head with a fiberglass night stick by defendant Herman Bates. The issue is whether the trial court erred in concluding that Bates did not use excessive force to defend himself against Vaughn under the circumstances of the case.
Bates reported for work at Gallo Wine Company at 2 AM on November 21, 1976, where he was to be the supervisor of two warehouse employees, Charles Coleman and Ernest Bailey. Shortly after Bates’s arrival Charles Vaughn entered the premises and told Bates that he had come to “whip C. D.’s ass,” referring to Coleman. While Bates was trying to reason with Vaughn, Coleman arrived on the premises and Vaughn immediately began to threaten Coleman. Despite Bates’s efforts to discourage Vaughn from his aggressive conduct, he continued, and, at some point, Bailey, who was standing by, intervened. Vaughn then threatened Bailey who ran back into the warehouse area of the premises with Vaughn in pursuit, whereupon Bates went outside and got a night stick from his automobile. When he returned, Bates asked Vaughn to leave the premises but he refused and became abusive to Bates, after warning Vaughn that he would hit him with the night stick unless he left the premises voluntarily. Vaughn still refused, so Bates took him by the arm and led him outside of the building and on toward the gate of the premises. Because Vaughn attempted to hit Bates, he struck Vaughn over the head with the night stick. Although Vaughn appeared to be all right, he collapsed near the premises and died sometime thereafter.
Vaughn had formerly worked for Gallo under Bates who regarded him as a good worker and a friend. Thus, Bates thought he could reason with Vaughn and persuade him to leave the premises peacefully. But Vaughn continued to be angry and to act irrationally. He not only threatened physical harm against Coleman and Bailey but he also attacked them. Bates had every right to evict Vaughn from the premises and was doing so without any force at all until Vaughn tried to hit him. Vaughn was taller and more powerfully built than was Bates.
There is no dispute with the trial judge’s findings that; 1) Vaughn was the aggressor who repeatedly refused to leave the premises and persisted in disrupting the work; and 2) Bates was responsible for the work being done and acted properly in trying to evict Vaughn. But appellant takes issue with the trial judge’s conclusion that when Vaughn struck at him Bates “had every right to defend himself with the night stick, and did not use it with excessive force, under the circumstances at the time.”
*763 Plaintiff contends that this conclusion was erroneous based on LeBrane v. Lewis, 292 So.2d 216 (La.1974), Tripoli v. Gurry, 253 La. 473, 218 So.2d 563 (1969), Andrepont v. Naquin, 345 So.2d 1216 (La.App. 1st Cir. 1977), Watts v. Aetna Casualty & Surety Company, 309 So.2d 402 (La.App. 2nd Cir. 1975), Foster v. Barker, 306 So.2d 910 (La. App. 1st Cir. 1974), Willis v. Willis, 287 So.2d 642 (La.App. 3rd Cir. 1973), and Porche v. Fernandez, 286 So.2d 418 (La. App. 4th Cir. 1973).
Since the question of whether Bates’s act was reasonable under the circumstances is essentially a question of fact the trial judge’s conclusion will not be disturbed unless clearly wrong. Thus, it is significant that in each of the cited cases plaintiff had prevailed in the trial court and the reviewing court affirmed.
In any event, each cited case can be distinguished. In Foster and Willis an unarmed plaintiff was shot by defendant. In LeBrane the unarmed plaintiff was stabbed by defendant. In Tripoli plaintiff was awarded damages for the injuries he sustained when he was already down on the ground with an injured leg and defendant struck him. In Andrepont plaintiff and defendant were voluntarily engaged in a fist fight when defendant resorted to the use of a baseball bat to strike plaintiff. Porche and Watts both involved fist fights but in each case the beating administered by defendant went far beyond the limits of reasonableness.
In the instant case the blow with the night stick was neither intended nor reasonably expected by Bates to produce any result other than defending himself and preventing Vaughn from attacking him further until he could get Vaughn out of the premises. We agree with the trial court that Bates’s conduct was reasonable and the amount of force used was not excessive under all the circumstances.
AFFIRMED.