376 So.2d 1292 (1979)
Clara HOLDEN, Individually and as Administratrix of Estate of Rene S. Holden, Plaintiff-Appellant,
v.
Tommy STRAUGHN, Defendant-Appellee.
No. 13934.
Court of Appeal of Louisiana, Second Circuit.
September 24, 1979.
*1293 Larvadain & Scott by Edward Larvadain, Jr., Alexandria, for plaintiff-appellant.
Simmons & Derr by Kermit M. Simmons, Winnfield, for defendant-appellee.
Before PRICE, HALL and JONES, JJ.
JONES, Judge.
Plaintiff, Clara Holden, individually and as administratrix of the estate of her sixteen year old son, Rene, appeals seeking to increase a judgment against an adult defendant, Tommy Straughn, for damages sustained by her son from defendant's battery. Defendant answers the appeal seeking a reversal of the judgment on the basis that plaintiff failed to prove the battery and alternatively contends he is entitled to a reduction in the damages awarded under the doctrine of mitigation. We affirm.
On November 15, 1977 Rene Holden and Susan Straughn, sixteen year old daughter of defendant, were in the bandroom of Winnfield High School preparing for a concert. They became involved in an altercation which prompted Susan to go for her *1294 father. The testimony is in conflict, but Susan testified Rene threatened to "whip" her and balled up his fist, though he made no attempt to strike her. Upon hearing of the argument defendant proceeded to the bandroom where his daughter pointed out Rene as the culprit. Defendant took Rene by the arm and led him into a side room where defendant committed a battery upon the minor, either by slapping and shaking him (according to Rene's testimony) or by grasping him by the collar (according to defendant's testimony).
Dr. Roncal, who examined Rene five days later, testified Rene had a hematoma on the left side of his face, a small knot on the back of his head, and a slight swelling in the joint of his right thumb. The doctor said Rene was nervous and nauseated and attributed these conditions to the emotional effect the battery had upon the boy. This doctor, who was the only medical witness to testify, saw Rene only one time and testified his fee was between $13 and $17.
The trial court held the injuries sustained by Rene resulted from the battery committed by defendant and rendered judgment for $700 in general damages, $15 doctor's bill, $100 expert witness fee for the doctor, and court cost.
The issues on appeal are: (1) is the trial court's ruling that there was a battery committed erroneous? and (2) should the amount of damages awarded be changed?
THE REVIEWING COURT MUST GIVE GREAT WEIGHT TO FACTUAL CONCLUSIONS OF THE TRIER OF FACT
"When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court's finding, on review the appellate court should not disturb this factual finding in the absence of manifest error." Canter v. Koehring Co., 283 So.2d 716, 724 (La.1973).
Arceneaux v. Domingue, 365 So.2d 1330 (La.1978) interpreted this statement to mean the appellate court should not disturb such a finding of fact unless it is clearly wrong.
Rene testified the defendant shook him, struck him, and knocked his head against the wall. This testimony was corroborated by Sherry Smith who saw some of the confrontation between defendant and the boy. Defendant admitted he grabbed Rene by the collar. There is sufficient evidence to support the trial court's findings.
THE REVIEWING COURT MUST NOT DISTURB THE AWARD MADE BY THE TRIAL COURT IN THE ABSENCE OF AN ABUSE OF DISCRETION
In the assessment of damages for an offense or quasi offense much discretion is left to the trier of fact. LSA-C.C.Art. 1934(3). Before an appellate court can disturb an award made by a trial court, the record must clearly reveal that the trier of fact abused its discretion in making the award. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976). The initial inquiry is whether the award for the particular injuries involved is a clear abuse of the much discretion of the trier of fact. Reck v. Stevens, 373 So.2d 498 (La.1979).
The doctor prescribed no medication and treatment consisted of application of ice packs to the boy's face and hand. While the injuries received by Rene were not serious and required little medical treatment, their existence was apparent to Dr. Roncal five days after defendant injured Rene. Dr. Roncal testified the boy would be better in another five days and intimated that at the end of this second five days Rene would be alright.
The cases cited by plaintiff in support of her contention that the award should be increased do not contain enough similarity to justify their use in making a determination that the trial court abused its discretion in making the general damage award. The award of $700 for general damages is appropriate and well within the trial court's much discretion.

MITIGATION OF DAMAGES
The defendant alternatively contends that whatever award Rene would normally *1295 have been entitled to receive for his injuries should be reduced because Rene's conduct brought about the battery that produced the injuries. Mere words, even if calculated to excite or irritate, cannot excuse a battery. Morneau v. American Oil Co., 272 So.2d 313 (La.1973); Richardson v. Zuntz, 26 La.Ann. 313 (1874). However, words which tend to bring about the altercation may be considered in mitigation of damages caused by a battery. Morneau, supra. When and how damages should be mitigated are determinations which are within the discretion of the trier of fact. Watts v. Aetna Casualty & Surety Co., 309 So.2d 402 (La.App. 2d Cir. 1975), writ denied 313 So.2d 601 (La.1975). This rule is compatible with the trial judge's much discretion in the determination of damage awards provided for in LSA-C.C.Art. 1934(3) and mandated by Coco and Reck, supra.
There is no indication in the trial judge's reasons for judgment that he considered mitigation justified and the amount of his award does not reflect any reduction from what we consider to be a reasonable award for the injuries received by Rene. For these reasons we conclude the trial judge did not mitigate damages in this case.
A review of the jurisprudence reflects that generally when the doctrine of mitigation of the damages is applied, the plaintiff is an active mischief-maker who has come looking for trouble and found it. Andrepont v. Naquin, 345 So.2d 1216 (La.App. 1st Cir. 1977); Foster v. Barker, 306 So.2d 910 (La.App. 1st Cir. 1974); Johnson v. Powell, 338 So.2d 177 (La.App. 2d Cir. 1976); Dubois v. Reliance Ins. Co., 349 So.2d 458 (La.App. 3d Cir. 1977). The plaintiff in Andrepont pursued his antagonists, fought with them once, and then followed them to another spot where he fought with them again. In Foster, plaintiff went to defendant's apartment where plaintiff then verbally abused and threatened defendant with physical harm. In Johnson, plaintiff went to a lounge after being warned not to go. When plaintiff arrived, she cursed defendant twice and hit defendant with her knee. In Dubois, after being refused check cashing privileges at defendant's business, plaintiff left and returned to curse defendant a second time.
In Morneau, supra, the use by plaintiff of profanity in the presence of defendant's wife was not sufficient provocation to warrant mitigation of damages. In Squyres v. Phillips, 285 So.2d 337 (La.App. 3d Cir. 1973), plaintiff's calling defendant names after a parking lot accident was deemed not enough provocation to merit mitigation. Rene's alleged threat was analogous to the circumstances contained in Morneau and Squyres, supra.
The evidence here does not show Rene to have acted in such a way as to have warranted defendant's overreactive fear for his daughter's safety. If Rene did indeed threaten Susan and ball up his fist, such conduct between two high school students in a crowded bandroom was not such inflammatory action as to provoke this type of violent response from defendant who was not present at the time of the alleged threat and who appeared on the scene sometime later.
We find the trial court did not abuse its discretion by not mitigating the damage award made.
The judgment is affirmed and costs on appeal are assessed equally to litigants.