400 So.2d 1148 (1981)
Frank J. CAPPO
v.
VINSON GUARD SERVICE, INC. et al.
No. 14024.
Court of Appeal of Louisiana, First Circuit.
April 13, 1981.
*1149 William H. Cooper, Baton Rouge, for plaintiff-appellant Frank J. Cappo.
Robert L. Kleinpeter, Baton Rouge, for defendant-appellee Vinson Guard Service, Inc. and Sam Cooke.
Ben L. Guelfo, Baton Rouge, for defendant-appellee Ground Pat'i, Inc.
Before COVINGTON, CHIASSON and LEAR, JJ.
CHIASSON, Judge.
Frank J. Cappo, plaintiff-appellant, filed this appeal alleging that the trial court erred in applying the doctrine of mitigation and in fixing the amount of damages awarded to him against the defendants, Vinson Guard Service, Inc., Sam Cooke, and Ground Pat'i, Inc. All of the defendants have answered the appeal.
On June 9, 1978, Cappo along with three companions entered the parking lot of the Ground Pat'i Restaurant on Jamestown Avenue, in the city of Baton Rouge. Sam Cooke, an elderly security guard employed by Vinson Guard Service to patrol the parking lot of the Ground Pat'i confronted Cappo, and informed him that if he was not patronizing the restaurant that he would have to park his car elsewhere. Cappo, who had been drinking, testified that his intention was to proceed to a nearby nightclub along with his friends. He told Cooke that he knew the owner of the Ground Pat'i, who had given him permission to park in the lot.
Abusive language and threats ensued until the manager of the Ground Pat'i, Lawrence Prather, was notified and came out to settle the dispute. Standing in between Cooke and the plaintiff, Prather tried to learn what the difficulties were, so he could resolve them. Cappo explaining the situation called Cooke, an "old bastard." Whereupon, Cooke from behind Prather, struck plaintiff causing him to fall, injuring a bone in his left wrist. Prather dismissed Cooke, and allowed Cappo and his party to remain.
Plaintiff filed suit against Sam Cooke, individually; Vinson Guard Service, Cooke's employer; Ground Pat'i, Cooke's employer; and the Travelers Insurance Company, the liability insurance carrier of Vinson. On plaintiff's motion to dismiss, Travelers was dismissed from the case. Ground Pat'i filed a third party demand against Cooke and Vinson seeking indemnity of any award it would be called upon to pay.
At the trial on the merits, the trial court found no question of liability holding that the abusive language used was no excuse for the tortious conduct. Morneau v. American Oil Company, 272 So.2d 313 (La. 1973). It held that Cooke, with Vinson *1150 Guard as Cooke's employer under La.C.C. art. 2320, and Ground Pat'i as Cooke's special employer under LeJeune v. Allstate Ins. Co., 365 So.2d 471 (La.1978), were liable in solido for the damages sustained by the plaintiff.
On the question of damages, the trial court found an award of $13,490.00 to be reasonable, but reduced it to $7,500.00 on mitigating factors. The two reasons cited for mitigation were: 1. Plaintiff played a major part in provoking the incident; 2. Plaintiff's failure to minimize his damages through surgery. The court granted Ground Pat'i's third party demand against Cooke, only, but concluded that Vinson Guard was liable for contribution as a solidary obligor. From this judgment plaintiff appealed complaining of the assessment of damages and the application of the doctrine of mitigation. Vinson Guard and Cooke answered the appeal seeking a reversal or, in the alternative, that the damages be reduced. Ground Pat'i answered the appeal seeking to reverse the trial court's holding that Cooke was its employee and that it was a solidary obligor along with Vinson Guard and Cooke. In the alternative Ground Pat'i submits that the court erred in failing to grant its third party demand against Vinson Guard for indemnity.
The issue of liability of the three defendants will be discussed first. There is no merit to Sam Cooke's contention that the trial court erred in finding him liable. The intentional battery committed upon the plaintiff is a sufficient basis for finding Cooke liable as a tortfeasor under La.C.C. art. 2315. As found by the trial court, the verbal provocation cannot excuse the commission of a battery upon a person. Morneau, supra, Augustine v. Washington Parish Police Jury, 383 So.2d 1271 (La.App. 1st Cir. 1980). Holden v. Straughn, 376 So.2d 1292 (La.App. 2nd Cir. 1979).
There is also no merit to Vinson Guard's argument for not being held liable. Vinson Guard was the general employer of Cooke; the one who paid him and the one who had the ultimate power to terminate him. Under La.C.C. art. 2320 and the decision in Foster v. Hampton, 381 So.2d 789 (La.1980), Vinson Guard is solidarily liable to the plaintiff with Cooke.
Ground Pat'i contends that it should not be held liable as Cooke's special employer since the relationship between Ground Pat'i and Vinson Guard was that of independent contractor and not that of master and servant. In addition Ground Pat'i argues that if Cooke is considered its employee, he was not acting within the course and scope of his employment when he struck the plaintiff. We find that the trial court correctly treated both of these points in its written reasons for judgment and we approvingly quote therefrom the following:
"At trial the manager of the Ground Pat'i, Lawrence Prather, testified that he periodically checked on the parking lot as a part of his duties. He further testified that he could tell Cooke who to admit and who to exclude from the lot. Additionally, Prather said that he had authority to have Cooke replaced by another Vinson guard. Prather stated that he exercised his authority over Cooke on the night of the incident by sending Cooke home. Also, there is no question that Cooke's activities during the performance of his duties benefitted the Ground Pat'i as well as Vinson Guard Service. Thus, the Ground Pat'i had supervision and direction of Cooke's activities during the performance of his duties and for that reason must be considered Cooke's special employer for the purpose of this suit. (See Thompson v. New Orleans Public Belt, 373 So.2d 1312 (La.App. 4th Cir. 1979); LeJeune v. Allstate Ins. Co., 365 So.2d 471 (La.1978).
"The Ground Pat'i argued in the alternative that even if it were found to be Cooke's employer, it should not be held liable because Cooke's action in striking the plaintiff was outside the course and scope of his employment. Again, the court cannot agree. Cooke did not turn aside from his employment to pursue a personal motive such as revenge. The argument with the plaintiff occurred as a *1151 part of Cooke's duties, and the battery was committed during the argument. Cooke was attempting to enforce the parking regulations that he had been charged to enforce. The blow, though probably sparked by a personal insult, never became separate from Cooke's employment."
See also LeBrane v. Lewis, 292 So.2d 216 (La.1974); and Miller v. Keating, 349 So.2d 265 (La.1977).
Our attention next turns to the issue of the assessment of damages and whether the trial court erred in finding the plaintiff failed to mitigate his damages. Appellate review of an award for damages was discussed by the Supreme Court in Reck v. Stevens, 373 So.2d 498 (La.1979). In that decision the court outlined the test for appellate courts to use in reviewing awards as follows:
"It is only after articulated analysis of the facts discloses an abuse of discretion, that the award may on appellate review, for articulated reason, be considered either excessive, Carollo v. Wilson, 353 So.2d 249 (La.1977); Schexnayder v. Carpenter, 346 So.2d 196 (La.1977), or insufficient, Olds v. Ashley, 250 La. 935, 200 So.2d 1 (1967)."

Reck, supra, p. 501.
Based on the injury and treatment hereinafter discussed we do not find any abuse of discretion in the trial court's award of $13,490.00.
The trial court after making its award, reduced it to $7,500.00 because plaintiff failed to mitigate his damages. The necessity for a plaintiff to mitigate his damages is well founded in Louisiana Law. See Pope v. Spiers, 347 So.2d 1191 (La.App. 1st Cir. 1977). The first factor in reducing the award was the provocatory words used by the plaintiff before he was struck by Cooke. As stated by the court in Watts v. Aetna Casualty & Surety Company, 309 So.2d 402, 406 (La.App.2d Cir. 1975):
"Provocation by words, however, can be considered in mitigation of damages although rejected as justification for an unlawful act. Morneau v. American Oil Company, supra."
The plaintiff called Cooke, an "old bastard" right before he was struck. The trial court found that these words spoken about Cooke to a third party, Lawrence Prather, was a fact that was proper to use in mitigating damages. We agree with this finding of fact and conclusion of law. See Holden, supra.
In regards to the second basis for mitigation, the trial court was correct in finding that the plaintiff failed to submit to reasonable medical treatment for his injury. Plaintiff was being treated by Dr. Alan Farries, who had put a cast on the wrist following the incident. No improvement was shown and finally in November, of 1978, Dr. Farries recommended surgery. However, plaintiff failed to undergo the surgery because of other commitments.
The surgery recommended had a sixty to sixty-five percent success rating and would have left the plaintiff with a ten percent disability to the left wrist. Without the surgery his disability is estimated to be thirty to thirty-five percent. We agree that this surgery would have been beneficial to the plaintiff and was reasonable medical treatment. Reeves v. Travelers Ins. Co. 329 So.2d 876 (La.App. 2nd Cir. 1976); Dohmann v. Richard, 282 So.2d 789 (La.App. 3rd Cir. 1973); Welch v. Ratts, 235 So.2d 422 (La.App. 2nd Cir. 1970). Therefore, the trial court was correct in reducing the award because plaintiff failed to mitigate his damages.
Our final inquiry in this case concerns Ground Pat'i's third party demand against Vinson Guard seeking indemnification. The trial court only allowed Ground Pat'i to seek indemnification from Cooke, since Cooke was considered Ground Pat'i's employee. There is no showing of any contractual agreement between the two employers that would allow indemnification. Nor has there been any authority by way of statute or case law which would substantiate Ground Pat'i's position. As a solidary obligor, Vinson Guard is liable for contribution *1152 under Civil Code Article 2103 to Ground Pat'i if it pays the judgment in full.
For the reasons assigned, the judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.