426 So.2d 331 (1983)
Walter DOWNEY, Plaintiff-Appellant,
v.
Joe CLARK, et al., Defendant-Appellee.
No. 15109-CA.
Court of Appeal of Louisiana, Second Circuit.
January 17, 1983.
Rice & McWilliams by John Ford McWilliams, Jr., Shreveport, for plaintiff-appellant.
Glenn F. Armstrong by Arax T. Brumfield, Bossier City, for defendant-appellee.
Before HALL, MARVIN and JASPER E. JONES, JJ.
JASPER E. JONES, Judge.
Walter Downey, the plaintiff in this action for damages due to personal injuries, appeals a judgment rejecting his demands against defendant, Dennis Clark, and awarding damages in the amount of $4,435.85 against the other defendant, Joe Clark.
*332 Downey makes three assignments of error.[1] The assignments raise three issues:
1) has plaintiff proved any lost wages;
2) is plaintiff's fallen arch causally related to the attack by Joe Clark; and
3) is mitigation of damages appropriate under the circumstances of this case.
This action arises from the facts set out below.
On the afternoon of December 26, 1980, Downey and his family went hunting on a tract in Bossier Parish where they had permission to hunt. Plaintiff's wife and child were to hunt squirrels in one area while he went to another to hunt deer.
Instead of remaining on the tract where he had permission to hunt, Downey crossed on to posted land leased by defendant Joe Clark. Downey had hunted on the Clark lease before without permission and had been told several times not to do so. Downey got in a tree stand on the Clark lease and began hunting.[2]
Joe Clark and his son, Dennis, were also hunting on the lease that afternoon. When they quit hunting late in the afternoon, Joe and Dennis drove to the location of another stand where they planned for Dennis to hunt during the remainder of the holidays. Upon arriving at the stand they found the plaintiff on it.
Joe stopped his truck, got out and ordered Downey to come down. Downey did not do so and Joe became very upset. Joe got his rifle from the truck and again ordered Downey to come down. Downey still refused to do so and Joe responded by firing a shot into the tree above Downey.
Plaintiff threw his gun down but still refused to come out of the stand. Joe armed himself with a large stick and began to strike the stand and plaintiff's feet and legs. Eventually, Joe discarded the stick and again ordered Downey to get down. He also told plaintiff that if he came back on his lease he would kill him. With that Joe got back in his truck and he and Dennis drove away.
After the Clark vehicle was some distance away Downey climbed down from the stand with some difficulty due to the pain in his legs. He retrieved his rifle and hobbled back to his truck where his family was waiting and drove home.
The next day Downey went to the Schumpert Hospital emergency room where he saw Dr. Irwin Rice. At that time Dr. Rice found a large contusion on plaintiff's left leg and a non displaced fracture of his right ankle. These injuries were healed by the time of trial in March, 1982, but by that time plaintiff was discovered to be suffering from a fallen arch.
Downey brought this action seeking damages for medical expenses, physical pain and suffering, mental anguish and lost wages. After a trial on the merits the district judge rejected plaintiff's demands against Dennis but granted judgment against Joe Clark. The trial judge awarded damages in the amount of $435.85 for medical expenses and because he found that there should be mitigation of damages he awarded general damages of only $4,000. The trial judge made no award for lost wages or the fallen arch.
Downey then took this appeal.

Issue # 1
Plaintiff contends that he should have been awarded damages for lost wages caused by his inability to work for approximately two and one-half months following the incident. Downey seeks an award of $9,000 based upon a job as a foreman he *333 had allegedly secured with his brother-in-law's heating and air conditioning company in Houston.
The trial judge found the testimony of Downey and his brother-in-law as to the prospective job unbelievable and denied any recovery for lost wages.
Appellate courts will not disturb reasonable evaluations of credibility made by the trial judge. Guillory v. Texas Petro Gas Co., 405 So.2d 607 (La.App. 3d Cir.1981).
The Houston job was to be as a foreman in plaintiff's brother-in-law's heating and air conditioning business. However, the evidence shows that plaintiff had no experience in the field of heating and air conditioning and only slight experience as a foreman. These facts coupled with the family relationship of the witnesses, cast long shadows of doubt on the testimony.
Under the circumstances we cannot say that the trial judge's conclusions as to the credibility of the testimony concerning the Houston job were unreasonable and, thus, we will not disturb them. However, the appellant is still entitled to some award for lost wages from his job in his father's transmission repair business.
Appellant worked for his father on a contract basis rather than as an employee. Downey testified that an employee doing the work he did would be paid $400 or $500 per week. However, because of Downey's contract relationship he made more or less, depending on business conditions. There was no detailed evidence as to the amount Downey received from his father for the work he did in his father's business.
Where there is a right to recovery but loss of earnings are not exactly shown the court may assess damages for loss of earnings based upon all the facts and circumstances of the case. Jordan v. Travelers Insurance Company, 257 La. 995, 245 So.2d 151 (1971).
The evidence shows that appellant was disabled for approximately two and one-half months. In view of the length of the disability and the earning range of appellant an award of $1,500 will adequately compensate for lost wages or earnings.

Issue # 2
Appellant also claims damages for a fallen arch on his right foot. The trial judge found that the fallen arch was not caused by Joe Clark and denied recovery.
Causation is a fact question on which the trial judge's findings cannot be disturbed absent manifest error. Smith v. State, Through Dept. of Transp., etc., 412 So.2d 685 (La.App. 2d Cir.1982), writ denied, 413 So.2d 907 (La.1982).
Dr. William W. Fox, III, an orthopedic surgeon, was called as a witness for plaintiff. After Mr. Downey carefully demonstrated how his foot was struck by Joe Clark the doctor was questioned. Dr. Fox testified that while it was possible the fallen arch had been caused by the blow, it was, "Not too probable." Rec. p. 77.
The testimony of Dr. Fox and the fact that Downey did not mention the arch injury to Dr. Rice at the emergency room provide substantial evidence supporting the conclusion that it was not caused by the beating administered by Joe Clark. As there is no manifest error in the trial judge's factual finding as to causation we cannot disturb it.

Issue # 3
Appellant contends that the damages should not have been mitigated. He argues that his status as a trespasser may be considered only to determine the duty owed to him and not as a basis for the mitigation of damages.
When and how damages should be mitigated are determinations left to the discretion of the trier of fact. Holden v. Straughn, 376 So.2d 1292 (La.App. 2d Cir. 1979).
Conduct or action which helps create the circumstances giving rise to the injury but does not justify the battery, may be considered for the purpose of mitigation. Andrepont v. Naquin, 345 So.2d 1216 (La. App. 1st Cir.1977).
*334 Downey went onto the Clark lease in disregard of repeated warnings to stay off the property. Downey had trespassed on the Clark lease before and apparently planned to continue to do so until Joe Clark did something to stop him. Further, after Joe Clark discovered Downey on the property the latter refused to come down from the stand and leave the property when instructed to do so.
By intentionally engaging in such inflammatory conduct Downey put himself in the class of plaintiffs, who go looking for trouble and find it, to which the doctrine of mitigation is properly applied. Holden. That Downey incited his battery through the conduct of trespassing and ignoring Joe Clark's demands to leave the property should not place him in a position better than that of a plaintiff who incites his battery through verbal abuse or taunting. Provocation by words can be considered in mitigation of damages. Morneau v. American Oil Company, 272 So.2d 313 (La.1973); Dubois v. Reliance Ins. Co., 349 So.2d 458 (La.App. 3d Cir.1977).
The trial judge was within his discretion in allowing mitigation under the facts of this case. This conclusion is supported by the jurisprudence.
In Johnson v. Powell, 338 So.2d 177 (La. App. 2d Cir.1976), we recognized the propriety of mitigation in a case where the plaintiff went to a lounge despite a warning from defendant not to and an altercation ensued.
In Dubois the court found mitigation proper in a case where the plaintiff returned to a bar after being ordered to leave. After returning to the bar the plaintiff verbally abused the proprietor who proceeded to pistol whip the plaintiff.
In Sherwood v. Sepulvado, 362 So.2d 1161 (La.App. 2d Cir.1978), this circuit recognized the propriety of mitigation based on the plaintiff's words and actions in a case where the defendant committed a battery upon plaintiff after she refused to leave defendant's home.
Downey, like the plaintiff in Johnson, ignored a warning. The plaintiffs in Dubois and Sherwood were at least quasi-trespassers and Downey was a clear trespasser.
Again we emphasize that this is not a case involving a first time trespasser who innocently wanders onto land where he does not have permission to be. Instead this case involves one who repeatedly and knowingly trespassed in disregard of numerous warnings and who, upon discovery, refused to accede to demands that he leave the property.
Mitigation of damages was properly allowed by the district judge.
For the foregoing reasons the judgment is amended to award $1,500 as damages for lost wages and as AMENDED the judgment is AFFIRMED. All costs of this appeal are assessed against appellee, Joe Clark.
NOTES
[1] Downey contends that the district judge erred in:

1) not awarding damages for lost wages;
2) not awarding damages for a fallen arch; and
3) reducing general damages because appellant's knowledge of Joe Clark's temper and prior admonitions to stay off the land leased by Joe Clark.
[2] The tree stand was made by attaching a small wooden seat or platform to a ladder. The ladder was then placed against the tree and secured. When assembled and secured the tree stand looks like an inverted "L".

The hunter climbs the ladder and sits on the platform or seat.