460 So.2d 673 (1984)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and Gershel Crochet, et al.
v.
Patrick LeBLANC, et al.
No. 83 CA 1214.
Court of Appeal of Louisiana, First Circuit.
November 20, 1984.
Writ Denied January 14, 1985.
*674 Jerry H. Schwab, Schwab & Butler, Houma, for plaintiffs and appellees State Farm and Gershel Crochet.
Richard A. Breaux, Law Office of Michel P. Pellegrin, Houma, for plaintiffs and appellees Delores LeBouef and Sandra L. Scott.
Dan A. Spencer, Atty., Houston, Tex., for defendant and appellant Superior Oil Co.
Glynn Voisin, Houma, Joe B. Norman, Liskow & Lewis, New Orleans, for defendants and appellees Lawrence LeBlanc and Patrick LeBlanc.
Before WATKINS, CRAIN and ALFORD, JJ.
WATKINS, Judge.
State Farm Mutual Automobile Insurance Company, Gershel Crochet, Delores LeBouef, and Sandra LeBouef Scott filed suit against the Superior Oil Company, Lawrence LeBlanc, Lent, Inc., and Patrick LeBlanc for injuries sustained by Miss Crochet, LeBouef, and Scott in an automobile accident near Ashland Plantation, Terrebonne Parish, Louisiana. The trial court rendered judgment against Superior Oil Company, Lent, Inc., and Patrick LeBlanc in solido, finding Superior Oil Company to have been the special employer and Lent, Inc., to have been the general employer of Patrick LeBlanc, the driver who was at fault.
The sole issue presented on appeal is whether or not Superior Oil Company was the special employer of Patrick LeBlanc. The facts are fully set forth and the law clearly and correctly expressed in the written reasons for judgment of the trial court which we attach. Suffice it to say that applying our decision in Cappo v. Vinson Guard Service, Inc., 400 So.2d 1148 (La. App. 1st Cir.1981) to the facts of this case, it is clear, applying the Cappo analysis, that Superior Oil Company was the special employer of Patrick LeBlanc.
Hence, the judgment of the trial court is affirmed, at appellants' cost.
AFFIRMED.
*675
APPENDIX
STATE FARM MUTUAL AUTOMOBILE * 32ND JUDICIAL DISTRICT COURT
INSURANCE COMPANY and GERSHEL
CROCHET
Vs. NO. 60,774
PATRICK LEBLANC
SANDRA LEBOUEF SCOTT * PARISH OF TERREBONNE
Vs. No. 60,801
LAWRENCE LEBLANC, LENT, INC.,
PATRICK LEBLANC, and PRUDENTIAL
PROPERTY and CASUALTY INSURANCE
COMPANY
RAY PAUL LEBOUEF as HEAD and
MASTER of the COMMUNITY of ACQUETS
and GAINS and DELORES MARCEL
LEBOUEF
Vs. NO. 60802 * STATE OF LOUISIANA
LAWRENCE LEBLANC, LENT, INC.,
PATRICK LEBLANC and PRUDENTIAL
PROPERTY and CASUALTY INSURANCE
COMPANY
REASONS FOR JUDGMENT
These consolidated lawsuits arise out of a vehicular collision which occurred on April 26, 1979. Plaintiffs are: Delores Le-Bouef and Sandra LeBouef Scott, guest passengers in an automobile being operated by Carla A. LeBouef; Gershel Crochet, owner of the second automobile involved in the accident; and State Farm Mutual Automobile Insurance (State Farm), collision carrier and Crochet's subrogee.
Defendants are: Patrick LeBlanc, driver of a pick-up truck; Lent, Inc., (Lent), employer of Patrick; Lawrence LeBlanc, owner of the truck, president of Lent and father of Patrick; and The Superior Oil Company (Superior) alleged employer of Patrick under the "shared servant" doctrine. The Prudential Life Insurance Company, uninsured motorist carrier for the LeBouef automobile, has been dismissed from the lawsuits and has not filed an intervention. The pick-up truck was not insured.
At 9:35 A.M. on the day of the accident the LeBouefs were proceeding in a northerly direction on Louisiana Highway 57. Approximately four miles south of Louisiana Highway 661, after their automobile had rounded a curve, they noticed the truck driven by Patrick, which was proceeding south, suddenly veer into their lane of travel. Although the driver of the automobile attempted to avoid a collision by blowing her horn and swerving, it was too late; the vehicles collided.
The Crochet vehicle, which was following the LeBouef automobile, was also damaged when its driver attempted to respond to the sudden emergency ahead of her.
This Court finds from the evidence presented at trial that the accident was caused solely by Patrick's failure to maintain a proper lookout and to remain in his own lane of travel. There was no negligence on the part of the other two drivers or their guest passengers. Patrick and those who are vicariously liable with him are answerable in damages for Patrick's negligence.

RESPONDEAT SUPERIOR
At the time of the litigated accident, Patrick was employed by Lent, Inc., as a carpenter's helper. The corporation was the business of Patrick's father, Lawrence Le-Blanc. The Superior Oil Company procured the services of Lent to do major construction and renovation on the living *676 quarters of a drilling barge, the M/V "Keck", located off the coast of Dulac, Louisiana.
The contract entered into between Superior and Lent provided that all material necessary for the construction would be on the job site before Lent commenced work. All materials, including those which might become necessary as work progressed, were to be provided by Superior. In other words, Lent was hired solely to perform carpentry labor; it was not a turn-key job. (See LSA-C.C. Art. 2757 et seq. for distinctions between the two types of construction contracts.)
Mr. Lawrence LeBlanc, senior carpenter on the job, testified that on the morning of the accident, he approached Daniel Le-Compte, Superior's supervisor on duty, to inform him that more paneling was needed for the job. Mr. LeBlanc states that he was asked to handle the pick-up of the materials because the rig was working a "light crew" that day. Mr. LeBlanc then designated Patrick to go into town in the Lent truck. The accident occurred on the return trip, after he had purchased the paneling at Morrison's Home Care Center, charging the same to Superior. Patrick did not purchase anything for himself or for Lent on the trip.
LSA-C.C. Art. 2320 provides for the responsibility from the master-servant relationship:
"Masters and employers are answerable for the damages occasioned by their servants and overseers, in the exercise of the functions in which they are employed."
An employer is held liable for damages when there is a connexity between the tortious conduct and the time, place and causation of the employee's duties, and when the risk of harm is imputable to the employer's business. Cain v. Doe (La.App. 4th Cir., 1979) 378 So.2d 549. The vicarious liability of the employer is a consequence of the employment relationship; the employer's negligence vel non is immaterial. Sampay v. Morton Salt Company (La., 1981) 395 So.2d 326.
An employee can have both "general" and "special" employers. When the factual situation warrants, all threethe general employer, the special employer, and the negligent employeeare liable in solido for the damages caused to injured victims. Le-Jeune v. Allstate Insurance Company (La.1978) 365 So.2d 471; Cappo v. Vinson Guard Service, Inc. (La.App. 1st Cir., 1981) 440 [400] So.2d 1148.
This Court finds for a fact that the request of Superior that Mr. LeBlanc handle the pick-up of the paneling was sufficient to establish a relationship of "special" employer"special" employee between Superior and whomever Mr. LeBlanc designated to carry out the mission. The relationship between Lent and Patrick as "general' employer"general" employee did not cease. Superior, Lent and Patrick are solidarily liable to the plaintiffs.
Mr. LeBlanc is not individually liable in the instant case. His son reached the age of 18 a few days prior to the accident. Furthermore, although the truck was registered in Mr. LeBlanc's name, it was being used by the corporation for corporate purposes. No attempt was made to pierce the corporate veil and thereby establish individual liability on Mr. LeBlanc's part.

DAMAGES
SANDRA LEBOUEF SCOTT: The impact of the collision caused facial injuries to this young plaintiff approximately two months before her wedding. She was taken to Terrebonne General Hospital by Acadian Ambulance Service. She had multiple deep lacerations of her left cheek, multiple superficial lacerations of the nose, and nasal fractures. Additionally, she suffered lacerations of both hands and a mild, cervical muscle strain.
The facial lacerations resulted in considerable scarring of the cheek and nose. By January, 1983, several of the scars had thickened, an indication that underlying glass foreign bodies remained in the skin.
The nasal fracture was of the bony cartilaginous junction, and there is deviation to *677 the right externally. The cartilaginous portion of the septum is dislocated into the right nostril, and there appears to be a fracture of the cartal septal end. Although the nostril is partially blocked by the deflected septum, there is minimal interference with breathing.
Plaintiff's medical evidence showed that surgical revision and dermabrasion of all of the scars can be accomplished with one operative procedure. Reconstruction of the external nose and nasal septum is possible at the same time, but a second operation is preferable. A third operation to dermabrade the scar from the nose surgery would also be required. The medical testimony was to the effect that the surgical procedures will cost between $5,000.00 to $7,000.00, depending upon whether plaintiff elects an office or a hospital procedure.
Plaintiff, Sandra LeBouef Scott, is entitled to $7,000.00 for future medical expenses, and to $13,000.00 for general damages, including past and future pain and suffering.
DELORES LEBOUEF: She, too, was taken to Terrebonne General Hospital by ambulance. She was found to have multiple lacerations of the scalp, a laceration of the left side of the face, a laceration of the left index finger, an abrasion of her left knee, and a sprain of her right ankle. She testified that she experienced extensive back and chest pain for an extended period of time following the accident. Her testimony was also to the effect that immediately following the accident, seven bottom teeth were loose. Although the teeth have slowly tightened, she has residual problems with sensitivity and absessing. The dental report shows that root canal work and extractions of the injured teeth will cost $1,050.00.
Mrs. LeBouef's most serious complaint was the mental stress she suffered immediately following the accident. Within days, she suffered severe attacks of hyperventilation, at first thought to be a heart attack for which she sought aid at the emergency room of the hospital. These attacks also necessitated repeated visits to her physician.
Plaintiff, Delores LeBouef, is entitled to $1,050.00 for future medical expenses, and to $9,000.00 general damages, including past and future pain and suffering. Additionally, Mrs. LeBouef is entitled to be reimbursed the sum of $410.78, medical expenses of herself and her daughter incurred because of their injuries.
STATE FARM: The subrogation claim of this insurer is documented with receipts and trust agreements. State Farm is entitled to judgment in the amount of $1,983.00.
GERSHEL CROCHET: This plaintiff entered a claim for $100.00, the deductible portion provided for in the collision policy of State Farm. He is clearly entitled to judgment in that amount.
SIGNED, Houma, Louisiana, this 2nd day of August, 1983. R. Wimbish DISTRICT JUDGE