225 So.2d 239 (1969)
PELICAN PLUMBING SUPPLY, INC.
v.
DIXIE PLUMBING & HEATING et al.
No. 3567.
Court of Appeal of Louisiana, Fourth Circuit.
July 7, 1969.
Rehearing Denied August 4, 1969.
Dodge & Friend, Rhodes J. Spedale, Jr., New Orleans, for plaintiff-appellant.
Before YARRUT, CHASEZ and GARDINER, JJ.
*240 YARRUT, Judge.
This appeal involves a suit on an open account for an unpaid balance of $841.85. Plaintiff sued Dixie Plumbing & Heating for the amount due, alleging it was a commercial partnership composed of Armand Duvio and Jerry Armstrong. The individual partners were also named as Defendants by the creditor, who averred they were solidarily liable.
Defendant Jerry Armstrong filed an answer in proper person in which he denied liability. He alleged he was an employee, not a partner, of Dixie Plumbing & Heating. No answer was filed by the business or Armand Duvio individually, and a judgment or default was entered against Armand Duvio for $841.85, with interest from judicial demand until paid and costs. The Trial Court dismissed Plaintiff's suit against Jerry Armstrong. Plaintiff has appealed.
Since the indebtedness is not disputed, the only question before us is whether Jerry Armstrong is individually liable for any part of the judgment rendered against Dixie Plumbing & Heating.
In February, 1967, Duvio and Armstrong entered into a business arrangement whereby Armstrong made a loan to buy a truck to be used by Dixie Plumbing & Heating. Duvio obtained the plumbing contracts. Armstrong's residence was used as the business address for Dixie. Business checks were signed by both men and profits were equally divided. It was agreed that Armstrong would receive half the profits until the truck was paid for, and thereafter he was to be paid a salary for his services. The business collapsed before the loan on the truck was retired. Plaintiff's credit manager testified that Duvio represented the business as a partnership and this is not contradicted. It appears from the record that Armstrong did not purchase any of the supplies or materials needed to conduct this business. At the trial both Duvio and Armstrong testified neither intended to form a partnership.
Under these facts we conclude Armstrong was a partner and not an employee. A partnership can be created by operation of law as to third parties on grounds of estoppel, even though the parties themselves may not have intended to form a partnership. See Posey v. Fargo, 187 La. 122, 174 So. 175.
A partnership is defined by LSA-C.C. Art. 2801, in this way:

"Partnership is a synallagmatic and commutative contract made between two or more persons for the mutual participation in the profits which may accrue from property, credit, skill or industry, furnished in determined proportions by the parties."
In the instant case, Duvio and Armstrong pooled their assets and efforts to operate a continuing business, from which they agreed to share equally in the profits. Not only did they operate as a partnership, but Duvio also held the firm out to Plaintiff as a partnership. Thus, insofar as a third-party creditor is concerned, Dixie Plumbing & Heating is a partnership by operation of law.
Plaintiff has alleged this is a commercial partnership in order to hold each partner solidarily liable for the full amount due. However, under our jurisprudence, a partnership formed to operate a plumbing business is an ordinary partnership. See Modern Appliance & Supply Co. v. B. F. Ibos & Sons, La.App., 16 So.2d 552.
Under LSA-C.C. Art. 2873, each partner of an ordinary partnership is individually liable only for his proportionate share of the partnership debt, which share is calculated by the number of partners. In the instant case, since there are two partners, each is individually liable for only half of the debt.
*241 Accordingly, the judgment dismissing the suit against Jerry Armstrong is reversed; and,
It is now ordered, adjudged and decreed that there be judgment in favor of Pelican Plumbing Supply, Inc. and against Defendant, Jerry Armstrong, individually, in the sum of $420.92, with legal interest from judicial demand until paid. Appellee, Jerry Armstrong, is to pay all costs of this appeal and is individually liable for one-half the costs incurred in the lower court.
Judgment reversed and rendered.