315 So.2d 342 (1975)
Oliver McMORIS
v.
Wayland SHEPPARD d/b/a Spur Service Station and Murphy Oil Corporation.
No. 6867.
Court of Appeal of Louisiana, Fourth Circuit.
July 8, 1975.
*343 Scheuermann & Jones, Arthel J. Scheuermann, New Orleans, for plaintiff-appellant.
Chaffe, McCall, Phillips, Toler & Sarpy, Peter A. Feringa, Jr., New Orleans, for defendant-appellee Murphy Oil Corp.
Before REDMANN, LEMMON and BEER, JJ.
LEMMON, Judge.
Plaintiff, who was injured while working at a service station operated by Wayland Sheppard, has appealed from a summary judgment which dismissed Murphy Oil Company from his suit for workmen's compensation benefits. The sole issue on appeal is whether, on the affidavits submitted in favor of and in opposition to the motion, Murphy is entitled as a matter of law to a judgment declaring that it is not a principal under R.S. 23:1061.[1]
By written contract designated as a "Consignment Dealer Agreement", Murphy had appointed Sheppard "to operate Murphy's gasoline station". The contract entitled Sheppard to possession of the building *344 and equipment for purposes normally connected with the operation of a service station, the rental price being a fixed charge for each gallon of gasoline sold. The contract further required Murphy to furnish gasoline on consignment and obliged Sheppard to keep the station open 24 hours each day, to diligently promote the sale of Murphy products, and to comply with workmen's compensation laws.
In support of its motion for summary judgment Murphy filed the contract attached to an identifying affidavit, which also asserted that Sheppard had exclusive control over operation of the station. Plaintiff's counter affidavit, executed by Sheppard, alleged that Murphy exercised control of the operation in the several particulars spelled out in the contract and also controlled the retail price of the gasoline.
The legal conclusion as to whether Murphy was a principal under R.S. 23:1061 turns on the determination of the issue of whether the work performed by Sheppard was part of Murphy's trade, business or occupation. The question as to whether the work performed by the contractor is part of the principal's business is an issue of fact, to be decided on the evidence presented to the trier of fact.[2] The summary judgment procedure, which was not designed for deciding issues of fact, is therefore seldom appropriate for making such a decision.
Of course, if there is no countervailing evidence on a factual issue, summary judgment may be used. But in the present case there is some evidence which favors a conclusion that the contractor's work is part of the principal's business and some evidence which supports a contrary conclusion.[3] Since the trier of fact must weigh the conflicting evidence in order to reach a conclusion upon which reasonable men could differ, summary judgment does not lie. The issue must be determined as a matter of fact at a trial on the merits, and not as a matter of law at a pretrial motion.
The evidence in the present case (although substantially undisputed) does not compel the conclusion that the operation of gasoline stations is not part of Murphy's trade, business or occupation. Therefore, Murphy has not shown there is no genuine issue of material fact, and Murphy is therefore not entitled to judgment as a matter of law.
Accordingly, the summary judgment rendered by the trial court is reversed, and the case is remanded for further proceedings.
Reversed and remanded.
NOTES
[1] Plaintiff's petition, alleging he was employed by Sheppard and Murphy, was met by an exception which asserted Murphy never employed plaintiff. While the pleadings do not precisely raise the issue as to whether Murphy was a principal under R.S. 23:1061, both parties made this the sole issue in the summary judgment proceedings. We therefore treat the issue as properly raised (especially in view of the fact that if we maintained an exception of no cause of action, C.C.P. art. 934 would require an opportunity for amendment.)
[2] In the federal courts the issue is one for the jury's determination. Tucker v. Texas Co., 203 F.2d 918 (5th Cir. 1953).
[3] The evidence that the station, owned or leased by Murphy at a location of its choosing, sold only Murphy gasoline at a price fixed by Murphy during hours set by Murphy, and presumably under a sign advertising Murphy products, supports a conclusion by the trier of fact that the operation of gasoline stations was part of Murphy's business.