349 So.2d 438 (1977)
R. C. BURSE
v.
BOH BROTHERS CONSTRUCTION COMPANY and Collins Thibodeaux.
No. 8311.
Court of Appeal of Louisiana, Fourth Circuit.
August 1, 1977.
Rehearing Denied September 8, 1977.
Writ Refused November 4, 1977.
Bridgeman & Conway, James R. Conway, III, Metairie, for plaintiff-appellant.
Bienvenu, Foster, Ryan & O'Bannon, Ernest L. O'Bannon and David E. Walle, New Orleans, for defendant-appellee Boh Brothers Const. Co.
Before SAMUEL, BOUTALL and SCHOTT, JJ.
SCHOTT, Judge.
Plaintiff has appealed from a dismissal of his tort suit against Boh Brothers Construction Company on a motion for summary judgment filed by that defendant.
Plaintiff, while hauling mud in his dumptruck on a construction project, was injured as a result of negligence of an employee of Boh, the general contractor. Plaintiff's suit was dismissed on the ground that Boh was his statutory employer under LSA-R.S. 23:1061 with the result that plaintiff's exclusive remedy was in workmen's compensation.
R.S. 23:1061 provides in pertinent part as follows:
"Where any person . . . undertakes to execute any work, which is a part of his trade, business, or occupation . . . and contracts with any person. . . for the execution . . . of the whole or any part of the work . . . the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him . . ."
The affidavit of Boh's vice president set forth the facts on which the motion for summary judgment was based. Boh *439 obtained plaintiff's services through a broker who employed and made available to Boh dumptrucks and operators such as plaintiff. This broker carried workmen's compensation on the operators it furnished. Boh regularly utilized dumptrucks and operators for the purpose of transporting mud, utilizing its own fleet of dumptrucks to the extent that this was adequate and supplementing that fleet with independent operators, such as plaintiff, when necessary.
Under these facts which were uncontroverted Boh would be liable to plaintiff in compensation and therefore not liable in tort. Broussard v. Heebe's Bakery, Inc., 263 La. 561, 268 So.2d 656 (1972).
However, plaintiff contends that its relationship with Boh was that of vendor-vendee as in the Broussard case rather than principal-contractor. The facts of this case do not support plaintiff's argument. Here, plaintiff's services were utilized in the identical fashion as Boh's own dumptruck operator employees. Plaintiff was not delivering materials purchased by Boh but rather was operating a dumptruck moving Boh's material in the same way as Boh's regular employees did.
The judgment appealed from is affirmed.
AFFIRMED.