SARTAIN, Judge.
These four cases arise out of an oil field accident which occurred on February 6, 1976, causing injury to the four plaintiffs.
Plaintiffs were employed by Weco Welders, Inc., which had a contract to perform maintenance, repair, and related services at Sun Oil Company’s Sweet Bay Lake oil and gas production facility. At the time of the accident plaintiffs were engaged in the repair of a gas flow line. Sun Oil moved for summary judgment in each suit on the grounds that it was the statutory employer of plaintiffs under the Louisiana Workmen’s Compensation Law[1] and that, therefore, plaintiffs’ only action against it would be for the workmen’s compensation benefits. The trial judge granted the motions. The causes were then consolidated for appeal. We affirm.
Plaintiffs assert that defendant’s affiants did not testify from their own personal knowledge and that, therefore, the affidavits are incompetent. They further assert that even if the affidavits are competent a genuine issue of material fact remains. We reject both of these arguments.
In support of the argument that the affidavits were not made upon personal knowledge, reliance is placed upon Ortego v. Howard Trucking and Construction Co., 345 So.2d 1259 (La.App. 1st Cir. 1977). In that case, which also involved an attempt *657 by an oil company to escape tort liability for an oil field accident, it was held that the statement that the affiant was assistant district supervisor (materials and supplies) for Texaco, Inc., was insufficient to show affirmatively that the affiant was competent to testify that Texaco was in the general oil field business including roustabout-ing and transporting pipe. In the instant eases, Nelson Sapp declared in his affidavits that he was production manager of the production facility where the accident occurred. We believe that a person in such a production position, as opposed to someone in materials and supplies, is competent to testify that Sun Oil is engaged in the production of oil and gas. We likewise find that Sapp was competent to testify that maintenance of wells was an essential and integral part of the business of producing oil and gas and that Sun Oil had contracted for Weco to maintain its wells. We therefore find that the affidavits of Sapp are sufficient to support the granting of the motion for summary judgment. Doucet v. W. H. C., Inc., 212 So.2d 267 (La.App. 3rd Cir. 1968).
Further, the depositions on file in these four cases clearly show, as we will point out, that Sun Oil employees were supervising the work of plaintiffs at Sun Oil’s production facility. This is sufficient to put Sun Oil in the business of operating oil wells and therefore immune from tort liability for work-related injuries of the employees of any company which it engages to do such work. Stelly v. Waggoner Estates, 355 So.2d 12 (La.App. 1st Cir. 1977).
Mr. Joe B. Fincher, one of the plaintiffs, in his second deposition, stated:
“Q. Did Sun Oil Company, or any of its employees such as the pumper and so forth, control the details or methods over the way you went about doing your work, and when I say ‘you’, I mean you and your crew?
A. Not necessarily, I mean they were just telling me what was messed up and needed to be done, and then I did it, and mostly the way I felt it should be done.”
"Q. You said Mr. Gamble [a supervisor for Sun Oil] told you to repair the flow line, and to cut the one inch, the gas left line, so that you could go ahead and repair the flow line?
A. Yes, sir.”
In an earlier deposition Fincher had stated, in reference to what he had done following the accident, as follows:
“Q. And then you went back to work fixing the line?
A. That’s right.
Q. Did anyone work with you for the rest of that day?
A. Yes, Jimmy Gamble came over there and helped us on the line to finish it up. He didn’t stay all the time, but he did help us finish the line. ...”
In his deposition Jimmy Lee Gamble testified that he acted as lease operator and roustabouted for Sun Oil at its production facility at Sweet Bay Lake. Brenda Howard, another plaintiff, testified that “Gamble would tell Joe Fincher what he wanted and Joe’d come tell us.” In her deposition Cindy Breaux testified likewise.
“Q. Did Sun Oil employees give you your orders directly, or did they go through Joe Fincher?
A. Sometimes they did, and sometimes they went through Joe Fincher. It just depends. Gamble might walk by and say, T want my office cleaned.’ Well, we did it, you know.”
As we have stated, we find that the affidavit and depositions on file in these cases are sufficient to support the judgment of the trial court granting defendant’s motion for summary judgment. We therefore affirm the judgment at appellants’ cost.
AFFIRMED.

. R.S. 23:1061 provides:
“Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him . . . .”