LEMMON, Judge,
concurring.
I concur in the reversal of the trial court’s judgment, but I disagree that the exception of no right of action properly raises the issue of whether Carter-Day’s work was part of Farmers Export’s business.
The exception of no right of action questions the interests of the particular plaintiff to bring the suit. C.C.P. art. 927(5). This exception assumes that a cause of action exists in favor of someone and questions whether the particular plaintiff is the right party to assert the cause of action.[1] Therefore, if a cause of action exists to recover Anthony Gomez’s tort damages, Anthony Gomez is certainly the person who has the right and requisite interest to seek recovery of those damages. The exception of no right of action is without merit.
The exception of no cause of action is decided solely by reference to the petition, and no evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. C.C.P. art. 931. Since the facts of the petition, taken alone, state a cause of action to recover tort damages, the exception of no cause of action must be overruled.
The issue of whether a party is a principal within the contemplation of R.S. 23:1061 may be raised by a motion for summary judgment, but the motion must be supported by sufficient undisputed material facts to entitle the mover to judgment as a matter of law.[2] C.C.P. art. 966. The affidavits in this case present some evidence that favors a conclusion that Carter-Day’s work was part of Farmers Export’s business and some evidence which supports a contrary conclusion. Since the evidence does not compel the conclusion that Carter-Day’s work was part of Farmers Export’s business,[3] the latter is not entitled to a summary judgment, and the issue must be determined after all facts are presented at a trial on the merits, rather than as a matter of law at a pre-trial motion. McMoris v. Sheppard, 315 So.2d 342 (La. App. 4th Cir. 1975).

. For example, if plaintiff had been killed and a cause of action existed for wrongful death, and he left a surviving spouse, his parents would have no right to action, since they do not belong to the class of persons to whom a remedy extends to assert the cause of action.

. Since this issue is a combined fact-law question (which in a jury trial is to be decided by the jury), it is seldom appropriate for summary judgment.

.Indeed, the affidavits indicate that Carter-Day’s work was in the category of a new construction or reconstruction, which is generally held not to be a part of the principal’s business. Moak v. Link-Belt Co., 229 So.2d 395 (La.App. 4th Cir. 1969).