CUTRER, Judge.
The sole issue on this appeal is whether Carl Fontenot was the statutory employee of Andrus Homes, Inc. (Andrus) for purposes of exclusive liability under the workmen’s compensation act, LSA — R.S. 23:1032 and 1061.
Carl Fontenot sued Andrus for damages due to injuries he incurred in an accident during the installation of an air conditioning system in a home being constructed by Andrus. Hanover Insurance Company (Hanover), the workmen’s compensation carrier for Fontenot’s employer, Marine Appliance and Air Conditioning (Marine), intervened seeking reimbursement for workmen’s compensation and medical expenses paid to Fontenot. The trial judge granted a motion for summary judgment in favor of Andrus on the basis that Fontenot, although employed by Marine, was a statutory employee of Andrus. As a result, An-drus was held to be immune from tort liability under the provisions of LSA-R.S. 23:1032. Fontenot and Hanover appeal. We affirm.
Fontenot alleges in his petition that on June 22, 1978, he was employed by Marine as an air conditioning installation mechanic. He alleges that on that date, he was injured in an accident while installing an air conditioning system in a new residence being constructed by Andrus. As a result of such injuries, Fontenot seeks $150,000.00 damages.
Fontenot contends that there is an issue of material fact as to whether Andrus was his statutory employer at the time of the accident. He seeks a remand for trial on the merits.
The jurisprudence has established the following guidelines for the consideration of motions for summary judgment:
The party who seeks a summary judgment bears the burden of showing that there is no genuine issue of material fact. Any doubt as to granting the motion shall be resolved in favor of trial on the merits. Atkinson v. Allstate Ins. Co., 361 So.2d 32 (La.App. 3rd Cir. 1978), writs den., 363 So.2d 535 (1978); Craft v. Trahan, 351 So.2d 277 (La.App. 3rd Cir. 1977), writs den., 353 So.2d 1336 (1978).
The question, as to whether the work performed by a contractor is part of the principal’s business, is an issue of fact and consequently summary judgment is seldom appropriate for its resolution. McMoris v. Sheppard, 315 So.2d 342 (La.App. 4th Cir. 1975). Where appropriate, however, courts have not hesitated to utilize it. Barnes v. Sun Oil Co., 358 So.2d 655 (La. App. 1st Cir. 1978), aff’d, 362 So.2d 761 (1978); Pullig v. Shreveport Packing Co., Inc. of Kansas, 342 So.2d 1217 (La.App. 2nd Cir. 1977); Burse v. Boh Brothers Construction Company, 349 So.2d 438 (La.App. 4th Cir. 1977), writs den., 351 So.2d 172 (1977).
With these principles in mind, we examine the evidence offered in support of the motion for summary judgment to determine whether there is an issue of material fact as to Fontenot’s employment status.
The affidavit of Joe Jones, field coordinator for Andrus, was introduced in support of Andrus’ position.
Jones’ affidavit stated that Andrus is in the business of constructing residential homes. Andrus has constructed many homes and has developed subdivisions over the past seven years of Jones’ employment. Marine has contracted to install the air conditioning systems in many homes constructed by Andrus and, to Jones’ knowledge, all the work performed by Marine during this seven year period, except for eleven houses, has been done for Andrus. He further stated that:
"... Andrus Homes, Inc. regularly employs workers in all crafts and trades on its payroll as well as sub-contractors in the customary and usual part of its trade, business or occupation; that any work which is performed by sub-contractors and their employees could be done by employees directly on the payroll of An-drus Homes, Inc., such sub-contracts being made as a matter of business convenience. ”
*44 Fontenot’s brief affidavit states:

“That he was employed by Marine Appliances for approximately 2 years, and during that time, he installed air conditioning equipment in new homes which had been constructed by various contractors; that he performed the installation of the air conditioning units without the supervision of an employee of said contractors; that he did specialty work which the contractors did not have the personnel to do; that Andrus Homes is not in the business of selling and/or installing air conditioners; that he does not engage in routine repairs or maintenance.”

Fontenot, in his deposition, states that he has worked for Marine two years as an installation mechanic. He has made many installations of air conditioning systems in Andrus Homes. He was working on a residence that Andrus was constructing in a subdivision when the accident occurred causing his injuries. He stated that Marine was a sub-contractor on this job.
As we consider the above, we conclude that there is no genuine issue of material fact that Fontenot was the statutory employee of Andrus.
Where an employee of an independent contractor is injured by the negligence of the principal for whom the independent contractor is performing a service, the employee has no right to recover in tort from the principal if the work is a part of the regular business of the principal. Barnes v. Sun Oil Co., 362 So.2d 761 (La.1978).
The evidence undisputably establishes that Andrus was regularly engaged in the business of constructing homes. A component part of such construction was the installation of air conditioning systems. Marine regularly contracted to make such installations for Andrus. Fontenot was making such an installation when he was injured. Such work by Fontenot was clearly a “part of the regular business” of the principal, Andrus.
Plaintiff’s affidavit characterizes his job as specialty work which Andrus did not have the personnel to do, while Jones’ affidavit states that any work performed by the sub-contractors could be done by employees on the payroll of Andrus. The case of Barnes v. Sun Oil Co., supra, held that the fact that a principal does not perform particular types of work with its own employees does not prevent the work from being part of its regular business. Therefore, the conflict in the affidavits does not affect our decision.
The trial court correctly ruled that Fon-tenot was the statutory employee of Andrus and was relegated to the exclusive remedy of workmen’s compensation.
For the above reasons, the judgment of the trial court granting summary judgment to Andrus Homes, Inc. is affirmed, with all costs of the appeal assessed to appellants, Carl Brent Fontenot and Hanover Insurance Company.
AFFIRMED.