ELLIS, Judge:
This is a suit by Norman Vincent Smith for damages for personal injuries suffered when a hot oil tank exploded. Defendants are Louisiana Paving Company, Inc. and T. L. James & Company, Inc. Sentry Insurance A Mutual Company, the compensation insurer of plaintiff’s employer, Thompson Electric Service, Inc., has intervened, seeking reimbursement, from any judgment recovered by plaintiff, for compensation paid to him. After trial on the merits judgment was rendered dismissing plaintiff’s suit, and both he and Sentry have appealed.
The record shows that Louisiana Paving is engaged in highway construction. It was the owner of portable asphalt plants which it moved from site to site as needed for its work. At the time of the accident herein, it was engaged in making a permanent installation of one of its portable plants in Velma, Louisiana. The construction of the plant was being carried out entirely by its own personnel except for the electrical work and some mechanical work, which was being done by Thompson Electric as an independent contractor. Plaintiff, who was employed by Thompson as a laborer, was injured when a hot oil tank, which was being pressure tested by Thompson, exploded.
This suit, which is in tort, is being defended, inter alia, on the ground that Louisiana Paving was the statutory employer of plaintiff, and that his sole remedy against it was in workmen’s compensation. The trial judge agreed, and dismissed plaintiff's case.
R.S. 23:1061 provides, in part, as follows:
“Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation or which he *551 had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; .... ”
In order for the above statute to be applicable, four elements must be present, which are set forth in Vincent v. Ryder Enterprises, Inc., 352 So.2d 1061, 1068 (La.App. 3rd Cir. 1977), as follows:
“(1) The relationship of principal-contractor (as distinguished from another type of relationship, i.e., vendor-vendee) must exist.
“(2) There must be a contract between the principal and contractor for the execution by the contractor of the whole or any part of the work being undertaken by the principal.
“(3) The ‘work’ which is the subject of the contract must be part of the principal’s trade, business or occupation.
“(4) The injured employee must be engaged in the execution of the ‘work’ as described above.”
In this court, plaintiff’s contention is that Louisiana Paving was engaged in the business of highway construction, so that setting up an asphalt plant was not part of its trade, business or occupation. We find that the trial judge correctly resolved the issue. It is clear from the record that Louisiana Paving routinely moved its asphalt plants from place to place as the exigencies of its work required, and that this was done with its own personnel. This fact distinguishes this case from those in which construction of a new facility for the conduct of a business is found not to be part of the trade, business or occupation of the builder. In this case, asphalt plant construction is a routine part of the business of Louisiana Paving. See Lushute v. Diesi, 354 So.2d 179 (La.1977); Thompson v. South Central Bell Tel. Co., 402 So.2d 799 (La.App. 4th Cir. 1981) for discussions of the law in this area.
Even if Louisiana Paving were not involved in its regular business in constructing the asphalt plant, it would be considered as being a second business as a contractor, and plaintiff would be a statutory employee of Louisiana Paving, acting as a contractor. Doss v. American Ventures, Inc., 261 La. 920, 261 So.2d 615 (1972); Slocum v. Lamartiniere, 369 So.2d 201 (La. App. 3rd Cir. 1979), writ den. 372 So.2d 569 (La.1979).
The judgment appealed from is therefore affirmed, at plaintiff’s cost.
AFFIRMED.