420 So.2d 742 (1982)
Gladys BUTLER, Individually and as Tutrix of the Estate of Her Minor Son, Kedric D. Butler
v.
Rufus P. ATWOOD, d/b/a Atwood Amoco Service Station, Amoco Oil Company and Charles E. Spahr, d/b/a Charles E. Spahr Distributor.
No. 12702.
Court of Appeal of Louisiana, Fourth Circuit.
September 30, 1982.
*743 Robert E. Peyton, Christovich & Kearney, New Orleans, for defendants-appellees.
David R. Fine, Fine, Waltzer & Bagneris, New Orleans, for plaintiff-appellant.
Before GARRISON, CIACCIO and WILLIAMS, JJ.
CIACCIO, Judge.
This is an action to recover damages for personal injuries sustained by Kedric Butler, the minor child of the plaintiff. The trial court granted a summary judgment in favor of one of the defendants, Amoco Oil Co., and the plaintiff appeals.
Kedric Butler, an eleven year old child, purchased gasoline from Atwood's service station to be used in his model airplane. He took the plastic container with the gasoline to his house. Several days later while Kedric Butler was attempting to pour the gasoline into the engine of his model airplane the gasoline was accidentally ignited causing Kedric to sustain burns to his face and upper torso.
This suit was filed by the child's mother, against the owner/operator of the service station, the oil company and the distributor, to recover damages for the injuries of the child.
Mrs. Butler alleges the negligence of the defendants in the sale and distribution of a dangerous substance to a child. Specifically, with regard to the defendant, Amoco, she contends Amoco was negligent in distributing or allowing distribution of such a substance to children; in failing to properly supervise the method of distribution; and in failing to maintain reasonable safety measures for distribution.
*744 Amoco filed a general denial and affirmatively pleaded the negligence of the minor child and, alternatively, pleaded the child's contributory negligence.
In response to interrogatories concerning specific areas of control by Amoco over the defendant service station,[1] Amoco described its business practices in its dealings with its distributors and with its wholly owned service stations. Amoco denied any contractual or other dealings with independently owned stations, such as Atwood.
The deposition of Rufus Atwood, the owner/operator of the service station was admitted into evidence. It reveals numerous business transactions with the distributor, Charles Spahr.[2] Mr. Atwood testified that with regard to daily business operations, product prices and safety measures he did not receive information from either the oil company or the distributor. He did have a sign with the Amoco emblem and certain literature with this seal, but he testified that both of these items came from the distributor.
The defendant, Amoco, submits the affidavit of its general manager, Dale Kohlman, in support of its motion for summary judgment. Kohlman states that Amoco has no business relations with Atwood, it does not provide him with products, and that all of Amoco's dealings are with its distributor, Spahr.
In opposition to the motion for summary judgment, the affidavits of the plaintiff and her child are attached. The mother's affidavit states that she was unaware of the gasoline being on her premises and that she did not warn the child of its dangers prior to the accident. In the child's affidavit he basically refutes his testimony given at his deposition. He now attests that he was confused about the facts; he was not told before the accident of the danger of gasoline; that he did not read the instructions for the airplane assembly, and that the gasoline he was pouring in the plane ignited and caused his injuries.
The sole issue presented for our review is whether based upon the pleadings, depositions, affidavits and other evidence filed by the parties, pursuant to Amoco's motion for summary judgment, a genuine issue of material fact exists as to the liability of Amoco Oil Co.
On appeal, the plaintiff contends that there are three separate areas wherein material fact issues exist concerning the actual or vicarious liability of the defendant, Amoco Oil Company. Initially, plaintiff contends that the determination of the master-servant relationship is not a proper subject matter to be resolved by summary judgment, and she further asserts that the facts in this case support a finding of the existence of a master-servant relationship between the defendants Atwood and Amoco Oil Co.
In the case of Fontenot v. Andrus Homes, Inc., the court specifically addressed the issue of summary judgment as a proper procedure to resolve the question of independent contractor status. 391 So.2d 42 (La.App. 3rd Cir., 1980). In deciding that summary judgment could be used to resolve this issue, the court stated:
"The question as to whether the work performed by a contractor is part of the principal's business, is an issue of fact and consequently summary judgment is seldom appropriate for its resolution. McMoris v. Sheppard, 315 So.2d 342 (La. App. 4th Cir. 1975.) Where appropriate, however, courts have not hesitated to utilize it. Barnes v. Sun Oil Co., 358 So.2d 655 (La.App. 1st Cir. 1978), aff'd., 362 So.2d 761 (1978); Pullig v. Shreveport Packing Co., Inc. of Kansas, 342 So.2d *745 1217 (La.App. 2nd Cir. 1977); Burse v. Boh Bros. Construction Company, 349 So.2d 438 (La.App. 4th Cir. 1977), writs den. 351 So.2d 172 (1977); Fontenot v. Andrus Homes, Inc., supra at 43."
The issue of independent contractor status is a proper subject to be resolved on summary judgment. Likewise, the issue of master-servant relationship is properly a subject for summary judgment. Where a master-servant relationship exists the master is answerable for the tortious acts of his servants. C.C. Art. 176, 2317, 2320. In determining whether such a relationship exists the major consideration is the control or right of control which one party exercises over the other. Savoie v. Fireman Fund Ins. Co., 347 So.2d 188 (La.1977); Donovan v. Standard Oil Co., 197 So. 320 (La.App. 2nd Cir. 1940). Accordingly, courts may examine the economic relationship of the parties and the right of one party to control the time and physical activities of the other party. Blanchard v. Ogima, 253 La. 34, 215 So.2d 902 (La., 1968); Badeaux v. East Jefferson General Hospital, 364 So.2d 1348 (La. App., 4th Cir., 1978); Florence v. Clinique Laboratories, Inc., 347 So.2d 1232, 1237 (La. App., 1st Cir.1977).
This Court has reviewed the pleadings and evidence in this matter and we are convinced the control and economic relationship needed in order to create a master-servant relationship between Atwood and Amoco Oil Co. is not present in this case. There is no material issue of fact concerning the existence of a master servant relationship.[3]
The next argument presented by the plaintiff is that summary judgment should not have been granted because Amoco Oil Co., as the manufacturer of a high explosive material, has a duty to warn of the danger of the product and the care to be exercised in its distribution.
Gasoline, while not an ultra-hazardous substance, is a highly inflammable and explosive substance. Jones v. Robins, 289 So.2d 104 (La., 1974). Those who handle such dangerous substances should exercise a high degree of care. Miller v. Lambert, 380 So.2d 695 (La.App., 4th Cir. 1980). The manufacturer of a dangerous substance has a duty to warn users of the substance when the danger cannot reasonably be expected to be within the knowledge of the users generally. Chappius v. Sears Roebuck, Inc., 358 So.2d 926 (La., 1978); American Insurance Co. v. Duofast Dixie, Inc., 367 So.2d 415 (La.App., 4th Cir., 1979). That is, where the danger is obvious, there is no duty to warn. Albert v. J & L Engineering, 214 So.2d 212 (La.App., 4th Cir. 1968).
In the instant case the danger of the gasoline was obvious. Accordingly, the manufacturer had no duty to warn of its dangerous propensities nor of the care to be exercised in its distribution. No material issue of fact exists as to the manufacturer's failure to warn.
Finally, plaintiff argues that Amoco should not have been granted summary judgment because Amoco allowed Atwood to hold Amoco out as a partner, and is estopped from denying that a partnership existed. The plaintiff relies upon Federal District Court decision of In Re: Red China Union Lines, Inc., 342 F.Supp. 426 (Eastern Dist. of La.1971).
In order for a partnership to exist in Louisiana, there must exist: a sharing in the profits and losses of the business enterprise; mutual consent to form a partnership; and the property of, or stock in, the enterprise must form a community of goods in which each party has a propriety interest. C.C. Art. 2801, et seq., Franklin Printing Co., Inc. v. Scott Fence of N. O., Inc., 392 So.2d 170 (La.App., 4th Cir. 1980), writ. *746 ref. 397 So.2d 805. A partnership may be found to exist even though there is no intent to form a partnership, in those instances in which a person holds himself out as a partner to the justified detrimental reliance of a third party. Pelican Plumbing Supply, Inc. v. Dixie Plumbing & Heating, 225 So.2d 239 (La.App., 4th Cir. 1969). It appears however, that even in those cases, the intent to share profits and losses is an indispensable element. In the case of Dubois v. Reliance Insurance Co., where the plaintiff sued a business for injuries he received, the court found that there was no partnership because this factor was not present. 349 So.2d 458 (La.App., 3rd Cir. 1977.) The court stated:
"The second issue presented is whether the alleged partnership and other individual partners should have been cast in judgment.
The evidence does not show the existence of a partnership. There was no mutual participation in the profits. LSA-C.C. Art. 2801. The mere fact that the term `partnership' was used does not prove the existence of a partnership when the circumstances do not show the necessary intent to share profits and losses. Darden v. Cox, 240 La. 310, 123 So.2d 68 (1960)." Dubois v. Reliance Insurance Co., Supra at 460.
In the case of In Re: Red China Union Lives, Inc., supra., the parties who were said to meet the criterion of partners, under Louisiana law, shared profits and losses.
In reviewing the facts of the instant case it is questionable, at best, as to whether the use of the name "Atwood Amoco Service Station" was sufficient to allow a third party to justifiably rely upon this being a partnership. Assuming, for the sake of argument, that this type of holding out was sufficient to cause the public to rely to their detriment upon the existence of a partnership, we find that an essential element necessary for the formation of a partnership was absent. Amoco Oil Company is the manufacturer of the product which Atwood purchases through its distributor and sells. Any profit which Amoco makes is at the wholesale level and any profit or loss which Atwood sustains are clearly his own. There can be no partnership under the facts presented. No issue of material fact exists as to a partnership relationship between Amoco Oil Co. and Rufus Atwood or his service station operation.
The record is void of any suggested basis for the defendant Amoco's liability. It is the conclusion of this Court, after reviewing the pleadings, interrogatories, affidavits, depositions, and supporting evidence that Amoco Oil Company is entitled to summary judgment as a matter of law. The trial judge made no error in this regard.
For the reasons assigned summary judgment in favor of Amoco Oil Co. and against Gladys Butler, et al., is affirmed at plaintiff's cost.
AFFIRMED.
NOTES
[1] The areas of control included items of bulletins and literature regarding daily operations, safety measures, measures of distribution and products; seminars and meetings; dealership approvals, and credit transactions.
[2] Defendant Atwood testified that Spahr was the one to whom he had applied for his dealership; from whom he rented his property, secured his products and obtained literature and business information; the one to whom he turned in his credit receipts, and the one from whom he could have received promotion dinners.
[3] The affidavit of Dale Kohlman, answer to interrogatories by Amoco and the deposition of Rufus Atwood are dispositive of the master-servant issue. Although the appellant alludes to contervailing facts raised by the Spahr deposition and documents, in order to support the existence of requisite "control", this Court finds no such evidence in the record. The unsupported allegations of the appellant will not defeat summary judgment. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La., 1980).