598 So.2d 1241 (1992)
Mary E. HARTWICK
v.
Leroy A. HARTLEY.
No. 91-CA-1290.
Court of Appeal of Louisiana, Fourth Circuit.
April 30, 1992.
Harry E. Forst, New Orleans, for plaintiff/appellant.
Nat G. Kiefer, Jr., New Orleans, for defendant/appellee.
Before SCHOTT, C.J., and BYRNES and LOBRANO, JJ.
*1242 BYRNES, Judge.
Plaintiff appeals the dismissal of her action against defendant Kiefer, Kiefer, & Schneider (KK & S) by summary judgment. We affirm.
Plaintiff, Mrs. Mary E. Hartwick, brought a malpractice claim against Leroy A. Hartley arising out of his legal representation of plaintiff regarding an August 3, 1984 automobile accident in St. Bernard. Plaintiff asserts that Mr. Hartley failed to timely file a petition on her behalf so that the claim prescribed. In her supplemental and amending petition dated February 13, 1990, Mrs. Hartwick named KK & S as an additional defendant for liability as the employer of Mr. Hartley on the theory of respondeat superior. Filing a motion for summary judgment on April 4, 1990, KK & S asserted that it was not a partnership but a group of individual practitioners sharing office space and that Leroy Hartley was not an employee of KK & S. After a hearing, the trial court granted summary judgment in favor of KK & S on January 22, 1991. Mrs. Hartwick's appeal followed.
In her appeal Mrs. Hartwick contends that an issue of material fact exists as to whether a partnership of estoppel was created between Leroy Hartley and KK & S, precluding summary judgment.
If the pleadings, depositions, answers to interrogatories, admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law, summary judgment should be granted. LSA-C.C.P. art. 966; McBride v. R.F. Kazimour Transp., Inc., 583 So.2d 1146, 1147 (La.App. 4th Cir.1991). Despite the presence of disputed facts summary judgment will be granted if the disputed facts are so patently insubstantial as to present no genuine issues; merely formal allegations without substance will not preclude summary judgment. Gravois v. New England Ins. Co., 553 So.2d 1034 (La.App. 4th Cir.1989). The issue of the existence of a master-servant relationship is properly a subject for summary judgment. Butler v. Atwood, 420 So.2d 742, 745 (La.App. 4th Cir.1982). A partnership can be created by operation of law as to third parties on the grounds of estoppel even though the parties themselves may not have intended to form a partnership. LSA-C.C. art. 2801; Pelican Plumbing Supply, Inc. v. Dixie Plumbing & Heating, 225 So.2d 239 (La.App. 4th Cir.1969). A partnership may be found to exist in those instances in which a person holds himself out as a partner to the justified detrimental reliance of a third party. Butler, supra, 420 So.2d at 745. However, even in those cases, the intent to share profits and losses is an indispensable element. Gravois, supra, 553 So.2d at 1039.
In her deposition Mrs. Hartwick testified that at all times she believed that Mr. Hartley was an employee of KK & S. Mrs. Hartwick stated that her granddaughter, Mona Taylor, who was working for KK & S as a receptionist, recommended that plaintiff use one of the attorneys. Mrs. Hartwick spoke to "a Kiefer" on the phone who said that he would send someone out. Mona Taylor was present when Leroy Hartley came to plaintiff's house and told Mrs. Hartwick that she had a good case. In her opposition to summary judgment, Mrs. Hartwick provided letters written by Mr. Hartley on KK & S stationary. In September, 1985, Mr. Hartley wrote to Mrs. Hartwick stating that her suit had prescribed.
The affidavits accompanying KK & S's motion for summary judgment state that Leroy Hartley has never been employed by KK & S but that at the time of the alleged malpractice, Mr. Hartley was an individual practitioner sharing office space with a number of other attorneys at 407 Carondelet Street. In Gravois, supra, this Court found that no partnership by estoppel existed although the two attorneys' names were on the letterhead; were listed as the law firm of "Wegmann and Longenecker" in the telephone directory as well as the Martindale-Hubbell legal directory; and the two attorneys had obtained professional malpractice insurance issued to that firm. In that case, the record was devoid of any evidence demonstrating that Gravois relied *1243 on the existence of the law firm or that the attorneys shared profits and losses.
In the present case, Mrs. Hartwick contends that she relied on KK & S to her detriment because KK & S failed to file her lawsuit and she lost her rights to her claims. However, Mrs. Hartwick provided no evidence that she relied to her detriment either on the representation of KK & S rather than Mr. Hartley or on the existence of a partnership between Mr. Hartley and KK & S. She never met Mr. Kiefer nor did any other attorney perform any legal work on her file besides Mr. Hartley.
Mrs. Hartwick argues that an issue of material fact exists because in its reply memorandum in support of summary judgment, KK & S admitted that in some instances where cases are referred to other attorneys, fee splitting would occur. KK & S asserts that any fee splitting was between two attorneys and did not involve KK & S as an entity. In Gravois, supra, 553 So.2d at 1037, on isolated occasions one attorney would refer a few cases to the other attorney and the two would share a fee; however, this Court concluded that the two attorneys did not share in profits and losses. The situation is identical in the present case. KK & S agreed to share office space and expenses. There is no evidence that KK & S or any attorney was to derive any fees from Mr. Hartley's representation of Mrs. Hartwick. Without supporting evidence such as a partnership income tax return or a partnership statement, Mrs. Hartwick failed to show that Mr. Hartley and KK & S shared in profits and losses. The trial court correctly concluded that as a matter of law, KK & S is entitled to summary judgment.
Accordingly, the decision of the trial court is affirmed.
AFFIRMED.
SCHOTT, C.J., concurring with reasons.
SCHOTT, Chief Judge, concurring:
I concur in the result reached by my colleagues because the Gravois case clearly mandates this result. Plaintiff's evidence in the instant case is much weaker than plaintiff's in Gravois so the present plaintiff can hardly prevail.
However, I do not subscribe to the majority opinion for two reasons: first I respectfully disagree with this statement in the opinion:
a partnership may be found to exist in those instances in which a person holds himself out as a partner to the justified detrimental reliance of a third party. Butler, supra, 420 So.2d at 745. However, even in those cases, the intent to share profits and losses is an indispensable element. Gravois, supra, 553 So.2d at 1039.
Plaintiff's case is based on alternate theories, that Hartley was a partner in KK & S so as to make the partnership liable, or that KK & S was estopped from denying Hartley's status as a partner because of something KK & S did or failed to do causing detrimental reliance on plaintiff's part. Liability cannot be imposed upon KK & S because of something Hartley did; such liability must result from what KK & S did. The majority implies that liability may attach to KK & S because of Hartley's actions.
Next, in the case where there is no partnership, but a plaintiff is led to believe there is one and relies on this to his detriment, there will be no intent to share profits and losses because there is no partnership in this instance. Consequently, I disagree with the statement that the intent to share profits and losses is an indispensable element of proof of a so called partnership by estoppel.
The majority correctly cites Gravois as authority for this statement and Gravois cites Butler as its authority. As its authority Butler cites Dubois v. Reliance Ins. Co., 349 So.2d 458 (La.App. 3rd Cir. 1977). However, in this case the issue was whether there was a partnership. There is no mention of this idea of partnership by estoppel. Consequently, Butler erroneously injected the notion that partnership by estoppel requires proof of intent to share profits and losses and this error was perpetuated *1244 by Gravois and continues to be perpetrated by the majority.
Even though the Gravois case dictates the result in this case I have problems with it. Hartley corresponded with plaintiff on stationery proclaiming that this was the law firm of Kiefer, Kiefer & Schneider consisting of George G. Kiefer, Emile W. Schneider and seven other lawyers including Hartley. Someone like plaintiff was entitled to believe that she was dealing with something or someone bigger than Hartley. When a law firm permits an individual practitioner to hold himself out as a member of the firm the principals of that firm should have some responsibility to the client who suffers a loss because of the attorney's malpractice.